# UNITED STATES DISTRICT COURT
## OF THE
## DISTRICT OF COLUMBIA


**ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC**   )
1717 Pennsylvania Avenue NW                        )
Suite 1025                                         )
Washington, DC 20006,                              )
                                   *Plaintiff,*    )
                                                   )
v.                                                 )   Case No.
                                                   )
**KRS LLC t/a DOOBIE SHOP**                        )
**and GREATER GOODS GEORGETOWN**                   )
1432 Wisconsin Avenue NW                           )
Washington, DC 20007,                              )
                                                   )
**GT VAPES & MORE, LLC**                           )
1410 Wisconsin Avenue NW                           )
Washington, DC 20007,                              )
                                                   )
**EMILIA'S ENTERPRISE LLC t/a TASTE BUDZ**         )
317 Pennsylvania Avenue SE                         )
Washington, DC 20003,                              )
                                                   )
**SMOKE ISLAND9 INC.**                             )
1326 Wisconsin Avenue NW                           )
Washington, DC 20007,                              )
                                                   )
**SMOKE ISLAND INC.**                              )
1100 4th Street SW                                 )
Washington, DC 20024,                              )
                                                   )
**SMOKE ISLAND2 INC.**                             )
6906 4th Street NW                                 )
Washington, DC 20012,                              )
                                                   )
**HIGHER STANDARDS LLC t/a THE TREE HOUSE**        )
5141 New Jersey Avenue NW                          )
Washington, DC 20001,                              )
                                                   )
**THE GARDEN LLC t/a THE GARDEN DC**               )
1541 New Jersey Avenue NW                          )
Washington, DC 20001,                              )
                                                   )

**DMV INVESTMENTS GROUP LLC t/a VELVET'S**  )
2517 Pennsylvania Avenue NW  )
Washington, DC 20037,  )
  )
**KLM LLC t/a DOOBIE DISTRICT**  )
**and t/a DOOBIE DEUCE**  )
1526 U Street NW  )
Washington, DC 20009,  )
  )
**CAPITAL CANNABIS DC LLC**  )
1636 R Street NW  )
Washington, DC 20009-6440,  )
  )
**GEORGE TOWN I INC. t/a HAVANA MAX**  )
3249 M Street NW  )
Washington, DC 20007,  )
  )
**PEN 1 INC. t/a HAVANA TOBACCO MART**  )
607 Pennsylvania Avenue SE  )
Washington, DC 20003,  )
  )
**AMRU B. OUSMAN**  )
5400 Fillmore Avenue  )
Alexandria, Virginia 22311,  )
  )
**PARVIZ MIZRAHI**  )
947 Middle Neck Road  )
Great Neck, New York 11024,  )
  )
**MOHAMMED ALJOUMARI**  )
14131 Essex Drive  )
Woodbridge, Virginia 22191,  )
  )
**MARGARET GROVE**  )
**CHARLES W. DAVIS**  )
3402 Hawthorne Avenue  )
Richmond, Virginia 23222-1822,  )
  )
**3M & G LLC**  )
1111 14th Street NW Suite 1000  )
Washington, DC 20005-5613,  )
  )
**CHAMPE B. THORTON V**  )
120 Birch Road  )
Stevensville, Maryland 2166-2926,  )
  )

**LRS HOLDINGS LLC**                                      )
4600 N. Park Avenue, Suite 100                           )
Chevy Chase, Maryland 20815,                             )
                                                         )
**ANNE W. SHUMAN TRUSTEE**                                )
5809 Nicholson Lane, #1202                               )
Rockville, Maryland 20852,                               )
                                                         )
**1408 – 1410 WISCONSIN LLC**                             )
1408 Wisconsin Avenue NW                                 )
Washington, DC 20007,                                    )
                                                         )
**PREET GROUP FAMILY LIMITED PARTNERSHIP**                )
8009 Greenwich Woods Drive                               )
McLean, Virginia 22102-1332,                             )
                                                         )
**1526 LLC**                                              )
8009 Greenwich Woods Drive                               )
McLean, Virginia 22102,                                  )
                                                         )
**JMG LLC**                                               )
1924 I Street NW                                         )
Washington, DC 20006-2131,                               )
                                                         )
**SUSAN RENEE TAYLOR, EXECUTOR OF**                       )
**THE ESTATE OF DOLORES VERNEL**                          )
**SATTERTHWAITE**                                         )
4301 S. Capitol Street SW                                )
Washington, DC 20032-2126,                               )
                                                         )
**NIKI PROPERTIES LLC**                                   )
4905 Buchanan Street                                     )
Hyattsville, Maryland 20814,                             )
                                                         )
**1636 R STREET NW HOLDING LLC**                          )
1725 T Street NW                                         )
Washington, DC 20009,                                    )
                                                         )
**F&M ENTERPRISES LLC**                                   )
3249 M Street NW                                         )
Washington, DC 20007,                                    )

**J.J.E. INVESTMENT PROPERTIES LLC**      )
607 Pennsylvania Avenue SE      )
Washington, DC 20003-4303,      )
      )
        *Defendants*      )

# COMPLAINT

Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE" or "Plaintiff") brings this action against Defendants KRS LLC t/a Doobie Shop ("Doobie Georgetown Dispensary") and t/a Greater Goods Georgetown ("Greater Georgetown Dispensary"), GT Vapes & More, LLC ("GT Vapes Georgetown Dispensary"), Emilia's Enterprise LLC t/a Taste Budz ("Taste Georgetown Dispensary" and "Taste Capitol Hill Dispensary"), Smoke Island9 Inc. ("Island Georgetown Dispensary"), Smoke Island Inc. ("Island Tenleytown Dispensary"), Smoke Island2, Inc. ("Island Takoma Dispensary"), Higher Standards LLC t/a The Treehouse ("Treehouse Foggy Bottom Dispensary"), The Garden LLC t/a The Garden DC ("Garden Truxton Circle Dispensary"), DMV Investments Group LLC t/a Velvet's (Velvet's Foggy Bottom Dispensary"), KLM LLC t/a Doobie District ("Doobie U Street Dispensary") and also t/a Doobie Deuce ("Doobie DuPont Circle Dispensary"), Capital Cannabis DC LLC ("Capital DuPont Circle Dispensary"), George Town I, Inc. t/a Havana Maz ("Havana Georgetown Dispensary"), PEN 1 Inc. t/a/ Havana Tobacco Mart ("Havana Capitol Hill Dispensary"), Amru B. Ousman ("Ousman"), Parvis Mizrahi ("1251 Wisconsin Property Owner"), Preet Group Family Limited Partnership ("1432 Wisconsin Property Owner"), 1526 LLC ("1526 U Street Property Owner"), 1408-1410 Wisconsin LLC ("1408-1410 Wisconsin Property Owner"), LRS Holdings LLC ("1361 Wisconsin Property Owner"), Anne W. Shuman Trustee ("317 Pennsylvania Property Owner"), Mohammed Aljoumari ("Aljoumari"), Margaret Grove and Charles W. Davis ("1326

Wisconsin Property Owner"), 3M & G LLC, ("4905 Wisconsin Property Owner"), Champe B.

Thorton V ("6906 4th Property Owner"),  JMG LLC ("1922 I Property Owner"), Susan Renee

Taylor, Executor of the Estate of  Dolores Vernel Satterthwaite ("1541 New Jersey Property

Owner"), Niki Properties LLC ("2517 Pennsylvania Property Owner"), 1636 R Street NW

Holding LLC ("1636 R Property Owner"), F&M Enterprises LLC ("3249 M Property Owner"),

and J.J.E. Investment Properties LLC ("607 Pennsylvania Property Owner") to recover for

damages caused by the negligence, gross negligence, false advertising, and unfair competition of

Defendants to allow illegal cannabis dispensaries to operate in the District of Columbia,

promoting the sale of illegal cannabis in DC, and violating the provisions of the Lanham Act, 15

U.S.C. §1125(a), and common law in the District of Columbia, against false advertising and

unfair competition.  In support of this Complaint, Plaintiff states the following:

## PARTIES

1.      Plaintiff Alliance of Legal Cannabis Entities-DC, LLC ("ALCE") is an alliance

representing the legal cannabis market in the District of Columbia.  Membership in ALCE is

open to all legal cannabis entities in the District of Columbia who had been or are operating

under cannabis licenses issued by the District of Columbia's Alcohol Beverage and Cannabis

Administration ("ABCA") or its predecessor agency, the District of Columbia's Department of

Health ("DOH"), to cultivate cannabis flower (in a variety of strains, both THC and CBD, and

Hemp) in the District of Columbia ("cultivators"), to manufacture various cannabis products in

the District of Columbia using cannabis flower cultivated in the District of Columbia, *e.g.* pre-

rolls, cartridges, concentrates, vapes, edibles, etc. ("manufacturers"), and/or to sell to the public,

in accordance with the regulatory rules and regulations of ABCA, the legal cannabis and

cannabis products cultivated and manufactured in the District of Columbia ("retailers" or

"dispensaries"). This legal cannabis market has been damaged by the unlicensed and illegal cannabis dispensaries, the property owners who provided the commercial space for them to operate, and other participants materially contributing to the illegal cannabis market. The legal licensees (cultivators, manufacturers, and dispensaries) bearing the brunt of the damage to the legal cannabis market are the oldest licensees, that group of 15 licensees who received their licenses before January 1, 2024, and were operating for 3 or more years before that.  However, new cannabis licenses are now being issued by ABCA and these new licensees are also being damaged by the illegal cannabis market.  ALCE is open to both original and new licensees.

2.      ALCE is an LLC organized in the District of Columbia with its principal place of business at 1717 Pennsylvania Avenue NW, Suite 1025, Washington, DC 20006.  All members of ALCE were licensed by ABCA (or DOH and subsequently renewed by ABCA) to cultivate/manufacture cannabis flower and other cannabis products in the District of Columbia, and/or to sell such legal cannabis at retail in the District of Columbia.  Two such licensees, DC Holistic Wellness Group LLC ( with its principal place of business at 4721 Sheriff Road NE, Washington, DC 20019) and Herbal Alternatives II LLC (with its principal place of business at 1710 Rhode Island Avenue NW, Washington, DC 20036), both LLCs organized in the District of Columbia, are the organizing members of ALCE.  Other licensees who have or had cultivation/manufacturing licenses and/or cannabis retailer licenses have joined ALCE.  ALCE also remains open for all cannabis licensees to become ALCE members at any time.

3.      Defendant KRS LLC t/a Doobie Shop ("Doobie Georgetown Dispensary") and t/a Great Goods Georgetown or Georgetown Supply ("Greater Georgetown Dispensary") operates two illegal cannabis dispensaries. The Doobie Georgetown Dispensary leases the commercial space at 1432 Wisconsin Avenue NW, Washington, DC 20007, where it also illegally sells electronic

smoking devices within 1/4/mile of a middle or high school in DC. The Greater Georgetown Dispensary leases commercial space at 1251 Wisconsin Avenue NW,  Washington, DC 20007. Defendant KRS LLC is an  LLC organized in the District of Columbia with its principal place of business stated in its registration with the District of Columbia to be at 1432 Wisconsin Avenue NW, Washington, DC 20007.

4.      Defendant GT Vapes & More LLC ("GT Vapes Georgetown Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1408-1410 Wisconsin Avenue NW, Washington, DC 20007, where it also sells illegal flavored tobacco products and electronic smoking devices within 1/4/mile of a middle or high school in DC.  The Vapes Georgetown Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1410 Wisconsin Avenue NW, Washington, DC 20007.

5.      Defendant Emilia's Enterprise LLC t/a Taste Budz operated two unlicensed and illegal cannabis dispensaries ("Taste Georgetown Dispensary" and "Taste Capitol Hill Dispensary"). The Taste Georgetown Dispensary leased the commercial space at 1361 Wisconsin Avenue NW, Washington, DC 20007.  The Taste Capitol Hill Dispensary leases commercial space at 317 Pennsylvania Avenue SE, Washington, DC 20003, where it also illegally sells electronic smoking devices within 1/4/mile of a middle or high school in DC.  Defendant Emilia's Enterprise LLC is an LLC organized in the District of Columbia with its principal place of business at 317 Pennsylvania Avenue SE, Washington, DC 20003.

6.      Defendant Smoke Island9 Inc. ("Island Georgetown Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1326 Wisconsin Avenue NW, Washington, DC 20007,  where it also illegally sells flavored tobacco products. The Island

Georgetown Dispensary is a corporation organized in the District of Columbia with its principal place of business at 1326 Wisconsin Avenue NW,  Washington, DC 20007.

7.      Defendant Smoke Island Inc. ("Island Tenleytown Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 4905 Wisconsin Avenue NW, Washington, DC  20016,  where it also illegally sells flavored tobacco products and electronic smoking devices within 1/4/mile of a middle or high school in DC.  The Island Tenleytown Dispensary is a corporation organized in the District of Columbia with its principal place of business at 1100 4th Street SW, Washington, DC 20024.

8.      Defendant Smoke Island2 Inc. ("Island Takoma Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 6906 4th Street NW, Washington, DC 20012, where it also illegally sells flavored tobacco products.  The Island Takoma Dispensary is a corporation organized in the District of Columbia with its principal place of business 6906 4th Street NW, Washington, DC 20012.

9.      Defendant Higher Standards LLC t/a The Tree House ("Treehouse Foggy Bottom Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 1922 I Street NW, Washington, DC 20006,  where it also illegally sells electronic smoking devices within 1/4/mile of a middle or high school in DC. The Treehouse Foggy Bottom Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1541 New Jersey Avenue NW, Washington, DC 20001.

10.      Defendant The Garden LLC t/a The Garden DC ("Garden Truxton Circle Dispensary") operates an unlicensed and illegal dispensary in the commercial space at 1541 New Jersey Avenue NW, Washington, DC 20001, where it also illegally sells electronic smoking devices within 1/4/mile of a middle or high school in DC.  The name of this LLC is referred to in general

business licenses (400322002250 and 400319000875) at this location and in a civil infraction proceeding (RS2100021) in the District of Columbia, but the LLC entity registration expired more than a decade ago.  However, the inclusion of the defendant here is based on verification of actions undertaken by the entity operating as "The Garden" or "The Garden DC" at the location specified here. The Garden Truxton Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1541 New Jersey Avenue NW, Washington, DC 20001.

11.     Defendant DMV Investments Group LLC t/a Velvet's ("Velvet's Foggy Bottom Dispensary") operates an unlicensed and illegal cannabis dispensary in the commercial space at 2517 Pennsylvania Avenue NW, Washington, DC 20037, where it also illegally sells flavored tobacco products and electronic smoking devices within 1/4/mile of a middle or high school in DC.   The Velvet's Foggy Bottom Dispensary is an LLC organized in the District of Columbia with its principal place of business at 2517 Pennsylvania Avenue NW, Washington, DC 20037.

12.     Defendant KLM LLC operated two unlicensed and illegal cannabis dispensaries, with one t/a Doobie District ("Doobie U Street Dispensary") and the other t/a Doobie Deuce ("Doobie DuPont Circle Dispensary").  The Doobie U Street Dispensary leases commercial space at 1526 U Street NW, Washington, DC 20009, where it also illegally sells electronic smoking devices within 1/4/mile of a middle or high school in DC.  The Doobie Deuce DuPont Circle Dispensary leased space at 1636 R Street NW, Washington, DC 20009.  Defendant KLM LLC is an LLC organized in the District of Columbia with its principal place of business at 1526 U Street NW, Washington, DC 20009.

13.     Defendant Capital Cannabis DC LLC ("Capital DuPont Circle Dispensary") operates an unlicensed and illegal cannabis dispensary at 1636 R Street NW, Second floor, Washington, DC

20009.  The Capital DuPont Circle Dispensary is an LLC organized in the District of Columbia with its principal place of business at 1636 R Street NW, 2nd floor, Washington, DC 20009.

14.     Defendant George Town I Inc. t/a Havana Max ("Havana Georgetown Dispensary") operates an unlicensed and illegal cannabis dispensary and smoke shop at 3249 M Street NW, Washington, DC 20007, where it also illegally sells flavored tobacco products.  The Havana Georgetown Dispensary is a corporation organized in the District of Columbia with its principal place of business at 3249 M Street NW, Washington, DC 20007.

15.     Defendant PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary") operates an unlicensed and illegal cannabis dispensary and smoke shop at 607 Pennsylvania Avenue SE, Washington, DC 20003, where it also illegally sells flavored tobacco products and electronic smoking devices within 1/4/mile of a middle or high school in DC.  The Havana Capitol Hill Dispensary is a corporation organized in the District of Columbia with its principal place of business at 607 Pennsylvania Avenue SE, Washington, DC 20003.

16.     Defendant Amru B. Ousman ("Ousman") is the majority owner of two other defendants in this case that own and operate two separate unlicensed and illegal cannabis dispensaries and smoke shops, the Havana Georgetown Dispensary, and the Havana Capitol Hill Dispensary.  Mr. Ousman controls the operations of these two illegal dispensaries (and a third, AL and EM Inc. t/a Havana Smoke Shop ("Havana Tenleytown Dispensary") that is a defendant in a related case on similar issues).  Mr. Ousman is a resident of the Commonwealth of Virginia and resides at 5400 Fillmore Avenue, Alexandria, Virginia 22311.  Defendant Ousman is included as a defendant here based on Plaintiff's request to pierce the corporate veil between the Havana Georgetown Dispensary, the Havana Capitol Hill Dispensary and Defendant Ousman.

17.    Defendant Parvis Mizrahi ("1251 Wisconsin Property Owner") is the owner of the commercial space located at 1251 Wisconsin Avenue NW, Washington, DC 20007.  Mr. Mizrahi is also the owner of Defendant Vapes Georgetown Dispensary.  Mr. Mizrahi resides at 947 Middle Neck Road, Great Neck, New York 11024.

18.    Defendant Mohammed Aljoumari ("Aljoumari") is the owner of the Island Georgetown Dispensary, the Island Tenleytown Dispensary, and the Island Takoma Dispensary, and he controls and directs the operations of all three.  Mr. Aljoumari resides at 14131 Essex Drive, Woodbridge, Virginia 22919.  He is included here as a defendant based on Plaintiff's request to pierce the corporate veils between Mr. Aljoumari and Defendant Island Georgetown Dispensary, Defendant Island Tenleytown Dispensary and Defendant Island Takoma Dispensary.

19.    Defendants Margaret Grove ("Grove") and Charles W. Davis ("Davis") (together "1326 Wisconsin Property Owner") are joint owners of the commercial property located at 1326 Wisconsin Avenue NW, Washington, DC 20007.  Ms. Grove and Mr. Davis reside at 3402 Hawthorne Avenue, Richmond, Virginia 23222-1822.

20.    Defendant 3M & G LLC ("4905 Wisconsin Property Owner") is the owner of the commercial property located at 4905 Wisconsin Avenue NW, Washington, DC 20016.  The 4905 Wisconsin Property Owner is an LLC organized in the District of Columbia with its principal place of business at 1111 14th Street NW, Washington, DC 20005-5603.

21.    Defendant Champe B. Thorton V ("6906 4th Property Owner") is the owner of the commercial property located at 1604-1608 4th Street NW, Washington, DC 2166-2926.  The 6906 4th Property Owner is a resident of the State of Maryland and resides at 120 Birch Road, Stevensville, Maryland 2166-2926.

22.     Defendant LRS Holdings LLC ("1361 Wisconsin Property Owners") is the owner of the commercial property located at 1361 Wisconsin Avenue NW, Washington, DC 20007.  The 1361 Wisconsin Property Owner is an LLC organized in the District of Columbia with its principal place of business at 4600 N. Park Avenue, Suite 100, Chevy Chase, Maryland 20815.

23.     Defendant 1408-1410 Wisconsin LLC ("1408-1410 Wisconsin Property Owners") is the owner of the commercial property located at 1408-1410 Wisconsin Avenue NW, Washington, DC 20007.  The 1408-1410 Wisconsin Property Owner is an LLC organized in the District of Columbia with its principal place of business at 1408 Wisconsin Avenue NW, Washington, DC 20007.

24.     Defendant Anne W. Shuman Trustee ("Shuman" or "317 Pennsylvania Property Owner") is the Trustee in control of the commercial property located at 317 Pennsylvania Avenue SE, Washington, DC 20003 under what appear to be three different trusts, *i.e.*, the Ann W. Shuman Revocable Trust, the Joseph S. Shuman By-Pass Trust and the Joseph S. Shuman Revocable Trust.  Ms. Shuman resides at 5809 Nicholson Lane, #1202, Rockville, Maryland 20852.

25.     Defendant Preet Group Family Limited Partnership ("1432 Wisconsin Property Owner") is the owner of commercial property located at 1432 Wisconsin Avenue NW, Washington, DC 20007. The 1665 Property Owner is a Limited Partnership organized in the Commonwealth of Virginia with its business address listed at 8009 Greenwich Woods Drive, McLean, Virginia 22102-1332.

26.     Defendant 1526 LLC ("1526 U Street Property Owner") is the owner of commercial property located at 1526 U Street NW, Washington, DC 20009.  The 1526 U Property Owner is an LLC organized in the District of Columbia with its business address listed at 8009 Greenwich Woods Drive, Alexandria, Virginia 22102-1332.

27.     Defendant JMG LLC ("1922 I Property Owner") is the owner of commercial property located at 1922 I Street NW, Washington, DC 20006-2131.  The 1922 I Property Owner is an LLC organized in the District of Columbia with its principal place of business at 1924 I Street NW, Washington, DC 20006-2131.

28.     Defendant Susan Renee Taylor, Executor of the Estate of Dolores Vernel Satterthwaite ("1541 New Jersey Property Owner"), as the personal representative of the Estate, is responsible for the possession and control of the commercial property located at 1535-1545 New Jersey Avenue NW, Washington, DC 20001 which was real property in the Estate of Dolores Vernel Satterthwaite, and for paying the Estate's liabilities.  The official premise address for this property as reflected on DC's real tax assessment rolls is "1535 New Jersey Avenue NW"; however, this property encompasses three separate mailing addresses, including "1535 New Jersey Avenue NW", "1541 New Jersey Avenue NW", and "1545 New Jersey Avenue NW". Based on a review of  licenses filed with the DC Department of Buildings, it appears that the only, or at least primary, address used for mailing to this property is "1541 New Jersey Avenue NW" which is also the address used for the illegal cannabis dispensaries operating at or otherwise using this address as its listed official address.  For purposes of this Complaint, the reference to "1541 New Jersey Avenue NW" is a reference to the entire "1535-1545 New Jersey Avenue NW" property.  Defendant Susan Renee Taylor is a resident of the District of Columbia and resides at 4301 S. Capitol Street SW, Washington, DC 20032-2126.

29.     Defendant Niki Properties LLC ("2517 Pennsylvania Property Owner") is the owner of commercial property located at 2517 Pennsylvania Avenue NW, Washington, DC 20037.  The 2517 Pennsylvania Property Owner is an LLC organized in the State of Maryland with its principal place of business at 4905 Buchanan Street, Hyattsville, Maryland 20814.

30.     Defendant 1636 R Street NW Holding LLC ("1636 R Property Owner") is the owner of commercial property located at 1636 R Street NW, Washington, DC 20009-6440.  The 1636 R Property Owner is an LLC organized in the District of Columbia with its business address listed at 1725 T Street NW, Washington, DC 20009.

31.     Defendant F&M Enterprises LLC ("3249 M Property Owner") is the owner of the commercial property located at 3249 M Street NW, Washington, DC 20007.  The 3249 M Property Owner is an LLC organized in the District of Columbia with its principal place of business at 3249 M Street NW, Washington, DC 20007.

32.     Defendant J.J.E. Investment Properties LLC ("607 Pennsylvania Property Owner") is the owner of the commercial property located at 607 Pennsylvania Avenue SE, Washington, DC 20003.  The 607 Pennsylvania Property Owner is an LLC organized in the District of Columbia with its principal place of business at 607 Pennsylvania Avenue SE, Washington, DC 20003.

## JURISDICTION AND VENUE

33.     This Court has federal question jurisdiction over this case, 28 U.S.C. §1331 and 15 U.S.C. §1121, and supplemental jurisdiction over the state law claims, 28 U.S.C. §1367.

34.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the actionable activities took place in the District of Columbia, the illegal dispensaries operated in the District of Columbia and all commercial properties used by these dispensaries are located in the District of Columbia.

## FACTS

**A.  ALCE**

35.     The cultivation of cannabis and the manufacture of cannabis products in the District of Columbia and the sale and distribution of such is governed by the Legalization of Marijuana for Medical Treatment Amendment Act of 2010, as amended, D.C. Code §7-1671.05, *et seq*. and the

rules issued by ABCA, D.C. Code §25-204.02 and DCMR Title 22-C. These laws and ABCA

rules require that cultivators, manufacturers, and retailers of cannabis be licensed by ABCA.

D.C. Code §7-1671.06.  The only cannabis flower (including all THC and CBD strains and

hemp) and other cannabis products that can be legally sold in the District of Columbia are

subject to these laws and regulations.

36.     D.C. Code §7-1671.01(22) states: An "unlicensed establishment" is a sole proprietorship,

partnership, or other business entity that:

> (A) Sells, exchanges as part of a commercial transaction, or delivers cannabis and
>     cannabis products;
> (B) Operates at or delivers from a specific location in the District; and
> (C) Is not licensed by ABCA as a cultivation center, retailer, internet retailers,
>     manufacturer, courier or testing laboratory.

37.     D.C. Code §7-1671.08(a) provides that:

> Any person who manufactures, cultivates, posses, administers, dispenses, distributes or
> uses cannabis, or manufactures, posses, distributes, or uses paraphernalia, in a manner not
> authorized by this chapter or the rules issued pursuant to §7-1671.13 shall be subject to
> criminal prosecution and sanction under subchapter I of Chapter 11 of Title 48[§48-1101
> *et seq.*].[1]

38.     Unlicensed and illegal cannabis dispensaries in DC often sell illegal flavored tobacco

products and illegal "magic" mushrooms (containing psilocybin, a Schedule I Controlled

Substance that has a hallucinogenic effect) to increase the mix of "buzz" products offered

consumers to gain an unfair competitive over legal cannabis dispensaries that do not sell these

products.  Additionally, many illegal cannabis dispensaries are located within ¼-mile of a middle

or high school where it is illegal to sell any electronic smoking device.

---

[1] The definition of "cannabis" as used throughout DC laws and regulations is defined in Section 102(3) of the DC
Controlled Substance Act of 1981, D.C. Code §48-901.02.  This definition adopted in the DC Marijuana
Legalization Act, D.C. Code §7-1671.01(2A).  This definition includes all parts of the plant genus Cannabis which
includes THC, CBD and all other cannabinoids.

39.     The Flavored Tobacco Prohibition Amendment Act of 2021, §7-1721.01, *et seq*., makes it

illegal to sell flavored tobacco products or electronic smoking devices within ¼-mile of a middle

or high school.

> §7-1721.08(a)- No person shall sell, offer for sale, receive for sale, distribute,
> purchase or facilitate the sale of:
> (1) A flavored tobacco product; or
> (2) An electronic smoking device within one quarter mile of any middle or high
> school in the District.

40.     D.C. Code §7-1721.01 Definitions:

> (1)  "Characterizing flavor" means a distinguishable taste or aroma other than
> tobacco, including fruit, chocolate, vanilla, candy, dessert, alcoholic beverage,
> menthol, mint or evergreen.
> (1A) "Electronic smoking device" shall have the same meaning as provided in §7-
> 741.01(1).
> (1B)  "Flavored tobacco product" means any tobacco product or synthetic
> nicotine product that imparts a characterizing flavor.

41.     The Electronic Cigarette Parity Amendment Act of 2016, D.C. Code §7-741.01

Definitions:

> (1) "Electronic smoking device" means any products, including one composed of
> a heating element, battery, or electronic circuit, that contains or delivers
> nicotine or any other substance intended for human consumption that can be
> used by a person to simulate smoking through inhalation of vapor or aerosol
> from the product.  The term "electronic smoking device" includes any such
> products, regardless of whether it is manufactured, distributed, marketed, or
> sold as an e-cigarette, e-cigar, e-pipe, e-hookah, vape pen, or any other
> product name or descriptor.

42.     The initial cultivation/manufacturing and retailing licenses were issued by the DC

Government in 2013, and during the past several years prior to this lawsuit, there had been

fifteen licensees who constituted the legal market in the District of Columbia. Several additional

cannabis licensees have been authorized by ABCA since April 1, 2024.

43.     In the past several years due to the operation of illegal unlicensed dispensaries selling

cannabis products that are illegal in the District of Columbia, the legal licensed market has lost

substantial revenues siphoned off by illegal market participants.  Some public estimates put the illegal cannabis revenues in the District of Columbia at $600 million plus per year.

44.     Faced with squeezed margins and the loss of substantial revenues, several legal licensed cultivators/manufacturers and retailers have been forced to discontinue operations, and all cannabis licensees, who represent the legal cannabis market, have lost revenues to the illegal cannabis market in the District of Columbia.  Illegal dispensaries are competitors with the legal licensees, and those who materially participated in the illegal dispensaries' establishment or by financing, selling, or transporting illegal cannabis, or leasing commercial retail space to permit illegal cannabis dispensaries to make retail cannabis sales, are then also competitors with legal licensees.

45.     In recognition of the need for the legal cannabis market to pursue legal action to stop the complete erosion of the legal market and to seek redress for lost revenues, several licensed cannabis entities decided to form the ALCE as an open alliance for all legal cannabis licensees who have been harmed over the past several years and continue to be harmed today by illegal dispensaries and other participants who assisted in the establishment and operation of illegal dispensaries engaged in the sale of illegal cannabis and cannabis products.

46.     ALCE is open to all legal cannabis entities (cultivators, manufacturers, and retailers) including new legal entities, to become members.[2]  The purpose of ALCE as stated in Section 1.4 of its Operating Agreement:

> The purpose of the Company [ALCE] is to protect and safeguard the legal cannabis market in the District of Columbia as represented by those legal entities who were licensed by the District of Columbia Alcohol Beverage and Cannabis Administration ("ABCA") as operators of cannabis retail facilities (i.e. dispensaries) or cannabis cultivation and manufacturing facilities. To accomplish this purpose, the Company is

---

[2] There are some restrictions with respect to new members who previously operated illegal dispensaries and who are being sued or subject to being sued by ALCE on behalf of its members.

established to pursue legal action against Persons who have either directly or indirectly participated in illegal activities or aided and abetted illegal operators in the illegal sale, distribution, delivery, promotion, handling, advertising or payment for illegal cannabis or illegal substitutable products or otherwise assisting, promoting or enabling these illegal entities to operate and inflict economic harm on individual legal cannabis licensees and/or the legal cannabis market in the District of Columbia. Further, the Company is authorized to engage the services of Persons to represent the Company or to provide investigative or analytical services related to illegal cannabis entities and their operations and Persons providing them with goods and services.

In recognition of the economic harm inflicted on the legal DC cannabis market over the past several years by the illegal cannabis participants and enablers, membership in the ALCE – DC is open to all legal entities licensed by ABCA, who operate or operated legal cannabis facilities. All Members authorize ALCE - DC to negotiate on behalf of the Members with the Persons involved in or otherwise assisting or enabling the illegal cannabis market in DC so as to contribute to the reduction in illegal sales, removal of illegal products from the market, and to obtain compensation for the economic harm inflicted on the legal cannabis market and licensed entities generally in DC in the last 3 years and continuing. All Members authorize ALCE – DC to represent their respective interests in the legal cannabis market in DC in judicial proceedings as part of ALCE – DC seeking damages done to the legal market in DC, and to represent to the Court that ALCE – DC has the same standing as each individual Member would have had if it had separately participated as a plaintiff.

47.    All members of ALCE accept its Operating Agreement and the purpose quoted above.

48.    Since membership in ACLE is permanently open to cannabis licensees in the District of Columbia, ALCE expects additional licensees to join ALCE to help protect the legal cannabis market in the District of Columbia from the harm caused by illegal cannabis market participants, including the harm they cause by the diversion of revenues to the illegal market involving the sale and delivery of illegal cannabis flower and other cannabis products.

49.    ACLE represents its members collectively and has the same standing to sue that its individual members have—all of whom were licensed cultivators, manufacturers and/or retailers, and as a consequence, ALCE has standing to sue the illegal dispensaries in the District of Columbia and those participants, including property owners, who have assisted the illegal dispensaries in the sale and delivery of illegal cannabis and cannabis products.

50.     Since ALCE is suing on behalf of all its members for the damage done to the legal

cannabis market as represented by the revenues and profits of the defendants from their sale of

illegal cannabis, the direct participation here of individual members of ALCE is not necessary.

**B.  1251 Wisconsin Property Owner – Greater Georgetown Dispensary**

51.     Defendant Parviz Mizrahi ("Mizrahi" or "1251 Wisconsin Property Owner") leases its

commercial space to Defendant KRS LLC t/a Greater Goods Georgetown or Georgetown Supply

("Greater Georgetown Dispensary") who operates an illegal dispensary at that location.

52.     The 1251 Wisconsin Property Owner intentionally leased its commercial space for the

sale of illegal cannabis and cannabis products. Mr. Mizrahi has experience with the illegal

cannabis business, he is also part of an effort to become part of the legal market, and he owns

multiple commercial properties in the Georgetown area that have been involved with the illegal

cannabis business. As an owner in Defendant GT Vapes Georgetown Dispensary, he previously

leased commercial space to that illegal dispensary at a property he owned at 1404 Wisconsin

Avenue NW, Washington, DC 20007.  He also owns part of M & Y Imports, LLC t/a Herbal

Harvest that has applied for a legal cannabis retailer license at 1263 Wisconsin Avenue NW,

Washington, DC 20007 which is another commercial property he owns in Georgetown. The 1432

Wisconsin Property Owner pursued the use of its property to serve as an illegal cannabis

dispensary.

53.     The 1251 Wisconsin Property Owner leased its commercial space as an illegal dispensary

back to at least October 1, 2021 when GT Vapes & More obtained a Retail Cigarette license to

operate at that location. By December 1, 2022, the Retail Cigarette license was issued to M& Y

Imports LLC t/a GT Vapes Shop & More. And, more recently added as a tenant is the Greater

Georgetown Dispensary. The 1251 Wisconsin Property Owner has consistently sought to conceal

its knowledge of the illegal cannabis business being conducted at this location by not applying for a Certificate of Occupancy since 2017.

54.     On September 1, 2023, when the 1251 Wisconsin Property Owner and the Greater Georgetown Dispensary applied for a new Certificate of Occupancy (CO2303272) they attempted to conceal the purpose of the business to be conducted by claiming the commercial space would be used as "Retail-Clothing and Apparel". The DC Office of Zoning expressed concern about the website of the proposed business indicated that it would be used to illegally sell cannabis and cannabis products. The DC Zoning Office warned that  the applicants could not sell cannabis unless they received a license from ABCA to do so. With that warning the CO was issued only to sell Clothing and Apparel. That is not what happened—both the property owner and the illegal dispensary engaged in illegal sales of illegal products.

55.     The Greater Georgetown Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. It has at all times operated as an illegal dispensary selling illegal cannabis and cannabis products. None of the cannabis and cannabis products sold by the Greater Georgetown Dispensary are cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that it sold were illegal and were obtained from illegal sources.  Plaintiff understands that Greater Georgetown Dispensary has applied for a legal cannabis retailer license but as of the date of the Complaint one has not been issued, and in any event, a future issuance of a legal license in no way absolves the liability of either the Greater Georgetown Dispensary or the 1251 Wisconsin Property Owner for their prior illegal acts that harmed the legal cannabis market.

56.     The 1251 Wisconsin Property Owner never investigated or conducted any meaningful due diligence review of the Greater Georgetown Dispensary (or any of the prior lessees who

operated illegal cannabis dispensaries at that location) before entering into a lease because it knew that Greater Georgetown Dispensary was involved in the sale of illegal cannabis.  The 1251 Wisconsin Property Owner never took any other action to determine if the Greater Georgetown Dispensary had any legitimate business purpose; to the contrary, the 1251 Wisconsin Property Owner pursued lessees to use the space to operate an illegal cannabis dispensary.

57.     Greater Georgetown Dispensary extensively advertises in interstate commerce through its use of social media like Facebook (Greater Goods Georgetown), Instagram (@greatergoodsdc), internet weed guides (Yelp), various internet ad sites (google, georgetowndc,com. About.me, f6s.com, deviantart.com, and its own website (www.dcgreatergoods.com).  It uses the internet to makes false or misleading representations as to its own legal status to sell cannabis in DC and to misrepresent the nature, characteristics, quality, and origin of the illegal cannabis it sells to consumers.

58.     Greater Georgetown Dispensary's website has an extensive menu of  illegal cannabis flower and other cannabis products (cannabis, pre-rolls, cartridges, edibles, concentrates and CBD) with a color photo of each product, a description, and the pricing. Online ordering is available.

59.     Its website misrepresents that it is a legal licensed dispensary when it claims to be "I-71" complaint.  At the dispensary and online, Greater Georgetown Dispensary implies that all cannabis and cannabis products sold at its dispensary are legal when they are not to confuse or deceive consumers.

60.     On its website the Greater Georgetown Dispensary makes an admission to its transfer for renumeration  (in other words "selling") illegal cannabis and cannabis products based on false claims that it can "gift" cannabis and misrepresents to the public that this is legal.

61.     The exact wording of the Greater Georgetown Dispensary's declaration is:

> While the laws of DC allow legal possession and use of recreational and medical cannabis, it limits legal and legitimate sales to licensed medical cannabis businesses.  This means according to Initiative -71 exchanging weed from one person to another is legal but payment for the transaction is prohibited.

> Thus, weed stores in DC have taken advantage of this legal loophole by operating on a gifting economy and business model.  Weed buyers can purchase merchandise such as clothing and apparel, artwork and accessories up to the same value or price as the weed products they want to buy.  The weed product is then given as a gift for the purchase.

62.     Greater Georgetown Dispensary misrepresents the law and fails to inform consumers that the DC Government has repeatedly stated that this "gifting" concept is an illegal sale — and further the cannabis products that Greater Georgetown Dispensary is selling are illegally sourced from other states or foreign countries without any accountability as to their quality or safety.  Nor does this website mention that the DC Metropolitan Police have conducted countless raids to try to stem similar illegal activity by others.

63.     DC's 2014 Initiative-71 was a voter-approved ballot initiative in the District of Columbia that legalized recreational use of cannabis and made it legal for a person over the age of 21 to possess up to 2 ounces and allowed personal cultivation of up to six plants per house or dwelling unit.  It did not authorize the sale or transfer for remuneration of cannabis, nor did it allow for the commercial cultivation of or manufacture of cannabis products.  The Greater Georgetown Dispensary's admission that it requires the purchase of  other items [of minimal value] as a condition for "gifting" is a transfer for remuneration and is not permitted under Initiative 71.

64.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Greater Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

65.     On January 25, 2024, Plaintiff investigated the Greater Georgetown Dispensary and observed the display and sale of illegal cannabis, including cannabis vapes which are additionally prohibited because the dispensary is within ¼-mile of a middle or high school. The sales assistant misrepresented that all cannabis products sold by the dispensary were authorized by the DC Government.

66.     On August 16, 2024, Plaintiff again investigated the Greater Georgetown Dispensary and observed the display and sale of illegal cannabis, including illegal vapes.

67.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Greater Georgetown Dispensary.  The 1251 Wisconsin Property Owner materially contributed to the Greater Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1251 Wisconsin Property Owner in leasing its commercial space to the Greater Georgetown Dispensary the illegal cannabis sales by Greater Georgetown Dispensary would not have been made.

### C.  1432 WISCONSIN PROPERTY OWNER – DOOBIE GEORGETOWN DISPSENSARY

68.     Defendant KRS LLC also operates a second illegal dispensary that traded as "Doobie Shop" ("Doobie Georgetown Dispensary") and it leased commercial space from the Preet Group Family Limited Partnership ("1432 Wisconsin Property Owner") at 1432 Wisconsin Avenue NW, Washington, DC 20007.

69.     The 1432 Wisconsin Property Owner intentionally leases its commercial space for the sale of illegal cannabis.  It appears that at least as far back as November 11, 2019, the 1432 Wisconsin Property Owner was leasing commercial space for the illegal sale of cannabis which is the effective date of the General Business License (400320000261) granted to Urban Partners LLC (t/a UpNDown GT) an operator of other illegal dispensaries in DC)  to operate at this location. The 1432 Wisconsin Property Owner attempted to conceal the existence of the illegal dispensary from the DC Government by falsely describing the purpose of its Certificate of Occupancy as for "Cigarette Retail".

70.     The Doobie Georgetown Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. It has at all times operated as an illegal dispensary selling illegal cannabis and illegal vapes. None of the cannabis sold by the Doobie Georgetown Dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that it sold were illegal and were obtained from illegal sources. Additionally, due to its location within ¼-mile of a middle or high school it is prohibited from selling any electronic smoking devices, including cannabis vapes.

71.     The 1432 Wisconsin Property Owner never investigated or conducted any meaningful due diligence review of the Doobie Georgetown Dispensary before entering into a lease because it knew that Doobie Georgetown Dispensary was involved in the sale of illegal cannabis.  The name itself is an indication since the word "doobie" is slang for a marijuana cigarette.  "Weed Dispensary" is printed on the front glass windows of the dispensary. On the inside displayed in the glass-encased table are a variety of cannabis flower and other cannabis products, including electronic smoking devices. The 1432 Wisconsin Property Owner never took any other action to determine if the Doobie Georgetown Dispensary had any legitimate (legal) business purpose.

24

72.     The Doobie Georgetown Dispensary extensively promotes itself and advertises in interstate commerce through its use of social media (Instagram (@doobieshopdc), and numerous internet postings and ads (businessbooky.com, georgetowndc.com, thetrustedbud.com, solo.com, washingtononline.us, oldminibikes.com, letsknowit.com, sithub.com and expatriates.com) and its website (www.doobieshopdc.com). It misrepresents the nature, characteristics, qualities, and legality of the cannabis products it sells.

73.     The Doobie Georgetown Dispensary's website contains a menu with a long list of a wide variety of different, illegal cannabis (weed flower, pre-rolls, cartridges, edibles, concentrates) cannabis flower, pre-rolls, edibles, and vapes).

74.     The Doobie Georgetown Dispensary uses the internet to cause confusion or deceive consumers as to the dispensary's legal status and the legality of the cannabis it sells.  For example, on its website the dispensary falsely represents itself as being a legal dispensary and the products it sells as also being legal.

> At our dispensary, you can buy the highest quality weed products from reputable brands,  Our company is fully licensed and we only source products that comply with local testing laws.
>
> When you buy cannabis goodies that are laboratory-tested and carefully curated, you are usually limited in your selection. However, that is not the  case for Doobie Shop at all.  We offer a huge variety of products to choose from and enjoy.

75.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Doobie Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

76.     On January 27, 2024, Plaintiff investigated the Doobie Georgetown Dispensary and observed the display and sale of illegal cannabis.  The dispensary's sales associates stated that

the dispensary was "fully legal" and all its products were tested for quality assurance.   The only "gift" in connection with the sale was a Topps baseball card (a regular not rare one) worth 8-12 ¢ retail.

77.     On August 16, 2024, Plaintiff investigated the Doobie Georgetown Dispensary and observed the display and sale of illegal cannabis, including illegal vapes.

78.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Doobie Georgetown Dispensary.  The 1432 Wisconsin Property Owner materially contributed to the Doobie Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1432 Wisconsin Property Owner in leasing its commercial space to the Greater Georgetown Dispensary the illegal cannabis sales by Greater Georgetown Dispensary would not have been made.

### D.  1408-1410 WISCONSIN PROPERTY OWNER – GT VAPES GEORGETOWN DISPENSARY

79.     Defendant 1408-1410 Wisconsin LLC ("1408-1410 Wisconsin Property Owner") leased its commercial space to GT Vapes & More, LLC ("GT Vapes Georgetown Dispensary") who operates an illegal cannabis dispensary at that location.

80.     The 1408-1410 Wisconsin Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  GT Vapes & More, LLC had been previously operated as an illegal dispensary on the same block (at 1251 Wisconsin Avenue NW and also at 1404 Wisconsin Avenue NW) for several years before moving to this location, so it was known to the 1408-1410 Wisconsin Property Owner that the GT Vapes Georgetown Dispensary was an illegal cannabis dispensary. The 1408-1410 Wisconsin Property Owner tried to cover up the purpose of its lease to the GT Vapes Georgetown Dispensary to the DC Zoning Office on March 14, 2022 when it

filed to change the Certificate of Occupancy (CO220468) to "Art Supply Store".  Furthermore, despite civil infraction proceedings being opened against the GT Vapes Georgetown Dispensary (RIS23-00147 (February 1, 2023), no action was taken by the 1408-1410 Wisconsin Property Owner to stop the illegal sale of cannabis.  Another fact proving that the GT Vapes Georgetown Dispensary previously operated next door at 1404 Wisconsin Avenue is that its ATM machine still prints  "1404 Wisconsin Avenue" as its address on receipts.  When the dispensary moved to 1408-1410 Wisconsin Avenue it failed to updated its location on its ATM machine.

81.     The GT Vapes Georgetown Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by this dispensary were or are cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location was illegal and obtained from illegal sources.

82.     The 1408-1410 Wisconsin Property Owner never investigated or conducted any meaningful due diligence review of the GT Vapes Georgetown Dispensary before entering into a lease because it knew that GT Vapes Georgetown Dispensary was involved in the sale of illegal cannabis.  Aside from the obvious inference in its name "Vapes," the storefront windows display large posters of a woman smoking a joint, an illuminated "CBD," and a large assortment of cannabis paraphernalia, all signaling that this was a cannabis store. The 1408-1410 Wisconsin Property Owner never took any other action to determine if the GT Vapes Georgetown Dispensary had any legitimate (legal) business purpose.

83.     The GT Vapes Georgetown Dispensary promotes itself and advertises in interstate commerce through its use of internet postings and ads on Google, Georgetowner.com, georgetowndc.com and Yelp, including photos of its storefront signaling the sale of cannabis and

vapes.  It uses the internet to confuse or deceive consumers by making false or misleading representations to indicate that is working legally in DC and that the cannabis it sells is legal in DC. In the store it displays a wide assortment of cannabis products, including vapes, pre-rolls, cartridges, CBD, gummies, extracts, liquids, and pills that the dispensary claims are all legal to sell in DC when in fact they are not.

84.     Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like GT Vapes Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the GT Vapes Georgetown Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

85.     On January 25 and 26, 2024, Plaintiff investigated the  GT Vapes Georgetown Dispensary and observed the display and sale of illegal cannabis.  The dispensary has an ATM machine and it accepts Applepay and it encourage3s consumers to use their credit and debit cards at the dispensary.  An employee at the dispensary stated that all its products had been lab-tested and were legal under DC law.

86.     On August 16, 2024, Plaintiff investigated the GT Vape Georgetown Dispensary and observed the display and sale of illegal; cannabis, including cannabis vapes.

87.     The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by GT Vapes Georgetown Dispensary.  The 1408-1410 Wisconsin Property Owner materially contributed to the GT Vapes Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1408-1410

Wisconsin Property Owner in leasing its commercial space to the GT Vapes Georgetown Dispensary the illegal cannabis sales by GT Vapes Georgetown Dispensary would not have been made.

### E.  1361 WISCONSIN PROPERTY OWNER – TASTE GEORGETOWN DISPENSARY

88.     Defendant LRS Holdings LLC ("1361 Wisconsin Property Owner") leased its commercial space to Defendant Emilia's Enterprise LLC t/a Taste Budz ("Taste Georgetown Dispensary")  who operated an illegal cannabis dispensary at that location. The lease on that location appears to have terminated sometime after June 1, 2024, which will cut off additional, continuing liability beyond the termination date but does not absolve the 1361 Wisconsin Property Owner of liability for the prior damage it caused to the legal cannabis market by diverting commercial cannabis sales away from the legal market.

89.     The 1361 Wisconsin Property Owner intentionally leased its commercial space for the sale of illegal cannabis and cannabis products.  An approximate date as to when the Taste Georgetown Dispensary opened is difficult to estimate at this stage because the 1361 Wisconsin Property Owner sought to conceal the nature of the lessee's business by failing to require the Taste Georgetown Dispensary to obtain even  basic business license (much less a cannabis license from ABCA); however, the last Certificate of Occupancy on the property (CO2000140) was issued on October 11, 2019 for "General Office Use". Whether this was a cover for the Taste Georgetown Dispensary or the property owner failed to update, it is apparent that its intent was to conceal from the DC Zoning Office that the premises were being used to operate an unlicensed, illegal cannabis dispensary and sell and distribute illegal cannabis and illegal, electronic smoking devices. The 1361 Wisconsin Property Owner was motivated to lease this

space for an illegal dispensary in order to obtain higher lease rates and that it was fully aware that the intended activity was illegal and it knew the consequences of its actions.

90.    The Taste Georgetown Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA. Furthermore, it owned and operated at least one other illegal dispensary in the District of Columbia located at 317 Pennsylvania Avenue SE, Washington, DC 20003, before opening the illegal dispensary in Georgetown.  This experience may have been one of the reasons the 1361 Wisconsin Property Owner wanted the Taste Georgetown Dispensary as a tenant because the dispensary knew how to obtain illegal cannabis supplies for resale whether from other states or foreign countries and how to arrange transportation of such illegal products across interstate lines.   At all times that the Taste Georgetown Dispensary was a lessee here, it operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by Taste Georgetown Dispensary was  cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location was illegal and obtained from illegal sources.

91.    The storefront window of the Taste Georgetown Dispensary was dominated by a large Budda, flowers, a swing and "Taste Budz" (another reference to marijuana) in large bold lettering.

92.    The 1361 Wisconsin Property Owner never investigated or conducted any meaningful due diligence review of the Taste Georgetown Dispensary before entering into a lease because it knew that the Taste Georgetown Dispensary were involved in the sale of illegal cannabis.  The 1361 Wisconsin Property Owner never took any other action to determine if the Taste Georgetown Dispensary had any legitimate (legal) business purpose.

93.     The Taste Georgetown Dispensary while it was open, advertised in interstate commerce through its use of social media and the internet (Instagram(@tastebuddc) and (@tastebuddydc)), X (formerly twitter (tastebuddydc) and the use of its own website (www.tastebudzofdc.com) to make false or misleading representations regarding its own legal status to sell cannabis in DC and the nature, characteristics, qualities and origin of the cannabis it sold.  Also, it advertised on paid sites like Tokers Guide and Yelp and others to steer commercial sales of cannabis away from the legal cannabis market. Its ad on Toker's Guide claimed to be "I-71 complaint".

94.     The Taste Georgetown Dispensary also perpetuates the false claim that as a commercial retail establishment it is able to "gift" cannabis to customers and thus transform the transaction into a legal one.   It cannot and these representations were made to confuse or  deceive consumers.  The Taste Georgetown Dispensary's claim to be I-71 complaint was part of a misrepresentation to customers regarding the nature of its business so as to encourage customers to buy from it versus the legal cannabis market.

95.     Its website makes further false representations that cannabis-derived THCA in its products is legal to sell in the District of Columbia when it is not.

> Similar to the type quality THCA sold at dispensaries, our THCA flower is sold under a hemp license, ensuring its legal status.  Rest assured, this raw form of cannabis contains only 0.3% delta-9 THC by dried weight, complying with the U.S. Farm Bill.  This means you can legally purchase our premium THCA from online and have it delivered to your doorstep.

There are several false and misleading representations in the above paragraph beginning with the that that there is no such thing in DC as a "hemp license."   Additionally, the Taste Georgetown Dispensary failed to explain that  the derived THCA cannabis product it sold with a substantially higher delta-9 equivalent was illegal to be sold in DC except by a licensed cannabis retailers— and even then, only such products sourced from licensed cultivators and manufactures in DC.

This paragraph further falsely states that this product can be legally purchased online in DC and delivered to the consumer's doorstep.  The District of Columbia Government has also made clear that without the proper licensing from ABCA, it is illegal to sell all types of cannabis, including hemp-derived cannabis.

96.    The Taste Georgetown Dispensary's website lists its available cannabis (flower, edibles, CBD, Disposals, Concentrates, and Pre-rolls) and its posted prices. These cannabis products are presented as completely legal in DC misrepresents the nature, characteristics, qualities, or origin to confuse or deceive consumers. Delivery in the entire DMV area in interstate commerce is also available from the Taste Georgetown Dispensary even though this is not a legally available service.

97.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Taste Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

98.    On January 27, 2024, Plaintiff investigated the Taste Georgetown Dispensary and observed display and sale of illegal cannabis. The only "gift" in connection with the dispensary's sales if requested by the customer might be some rolling papers.

99.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Taste Georgetown Dispensary.  The 1361 Wisconsin Property Owner materially contributed to the Taste Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1361 Wisconsin Property Owner in leasing its commercial space to the Taste Georgetown Dispensary the illegal cannabis sales by Taste Georgetown Dispensary would not have been made.

**F.  317 PENNSYLVANIA PROPERTY OWNER – TASTE CAPITOL HILL DISPENSARY**

100.    Defendant Anne W. Shuman Trustee ("317 Pennsylvania Property Owner") leases its commercial space to Defendant  Emilia's Enterprise LLC t/a Taste Budz ("Taste Capitol Hill Dispensary") who operates an illegal cannabis dispensary at that location.

101.    The 317 Pennsylvania Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  Although Taste Capitol Hill Dispensary has operated for many years at this location, the property owner until recently did not require the illegal dispensary to obtain even a basic business license (much less a legal cannabis license).  However, the last Certificate of Occupancy issued on July 20, 2020 for "Office Space" indicates the latest date that the dispensary started its illegal operations at that location.  The 317 Pennsylvania Property Owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates and it was fully aware that the intended activity was illegal and it knew the consequences of its actions.

102.    The Taste Capitol Hill Dispensary does not have nor has it ever had a cannabis retailer license issued by ABCA.  At all times it operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by Taste Capitol Hill  Dispensary was  cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from illegal sources.

103.    The 317 Pennsylvania Property Owner never investigated or conducted any meaningful due diligence review of the Taste Capitol Hill Dispensary before entering into a lease because it knew that Capitol Hill Dispensary were involved in the sale of illegal cannabis.  The 317 Pennsylvania Property Owner never took any other action to determine if the Taste Capitol Hill Dispensary had any legitimate (legal) business purpose.

104.    The Taste Capitol Hill Dispensary advertised in interstate commerce in conjunction with Taste Georgetown Dispensary through their collective use of social media and the internet (Toker's Guide and Yelp), and their website (www.tastebudzofdc .com) as well as the new website of Taste Capitol Hill Dispensary (www.tastbudzofdc.com)  to make false or misleading representations at to its legal status of the nature, characteristics, qualities or origin of the cannabis it sells to confuse or deceive consumers.

105.    The Taste Capitol Hill Dispensary uses its website and the internet to advertise and falsely promote itself and its products as legal.  For example, its ad on Yelp states:

> We offer a luxurious yet affordable cannabis shopping experience
> That is i71 complaint here in Capitol Hill.  Our knowledgeable staff
> can assist both newies and experienced users alike on the right cannabis
>  product.  Our goal is to destigmatize cannabis usage by educating our
> guests on its many benefits and offer a beautiful space to shop in.  No
> medical card is needed to enter our shop, but you must be 21 or older
> with  a valid photo ID.

106.    There is no such thing as a commercial retailer in the District of Columbia being "i71 complaint". Initiative-71 did not establish a some separate standard and the DC Government has repeatedly indicated that commercial "gifting" as practiced by dispensaries like Taste Capitol Hill Dispensary are illegal, and not to lose sight of the related problem, the cannabis sold by the Taste Capitol Hill Dispensary is illegal.  These products come from other states or foreign countries and are not subject to any lab testing or quality controls. The statements the dispensary makes on the internet regarding is cannabis products misrepresent the nature, characteristics, qualities, and origin for the purpose of misleading or deceiving consumers.

107.    On its website and in the dispensary, the Taste Capitol Hill Dispensary presents a menu of cannabis for sale (flower, THC edibles, THC pre-rolls, THC disposable vape pens, mushrooms) and it also displays CBD gummies, CBD oils, CBD products and various paraphernalia. There

are photos of each product with a description and posted prices.  The Taste Capitol Hill Dispensary also violate the DC statute that prohibits the sale of electronic smoking devices, including cannabis vapes, within ¼-mile of a middle or high school.

108.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Taste Capitol Hill Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

109.    On January 31, 2024, Plaintiff investigated the Taste Capitol Hill Dispensary and observed the display and sale of illegal cannabis at the dispensary.

110.    On August 17, 2024, Plaintiff investigated the Taste Capitol Hill Dispensary and observed the display and sale of illegal cannabis.

111.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Taste Capitol Hill Dispensary.  The 317 Pennsylvania Property Owner materially contributed to the Taste Capitol Hill Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 317 Pennsylvania Property Owner in leasing its commercial space to the Taste Capitol Hill Dispensary the illegal cannabis sales by Taste Capitol Hill Dispensary would not have been made.

### G.  1326 WISCONSIN PROPERTY OWNER – ISLAND GEORGETOWN DISPENSARY

112.    Defendants Margaret Grove and Charles W. Davis (together "1326 Wisconsin Property Owners") lease their commercial space to Defendant  Smoke Island9 Inc. ("Island Georgetown Dispensary") who operates an illegal dispensary at that location that also sells illegal tobacco products.

113.    The 1326 Wisconsin Property Owner has intentionally leased its commercial space for the sale of illegal cannabis.  The facts indicate the Island Georgetown Dispensary was only incorporated on September 8, 2022, but it is affiliated with two other illegal dispensaries in the District of Columbia in different parts of the city.  This dispensary and the other two use the same "Smoke Island" trade name.  Since the Island Georgetown Dispensary was a new legal entity with no prior established operating experience, the 1326 Wisconsin Property Owner was motivated to lease this space to it based on the knowledge that it was affiliated with other existing illegal dispensaries. The 1326 Wisconsin Property Owner assumed this risk.

114.    Since the Island Georgetown Dispensary obtained a general business license at this location on April 1, 2023 and the Certificate of Occupancy (CO2301249) for a "Retail Store" was applied for on February 7, 2023, it appears that the Island Georgetown Dispensary began its illegal operations at this location sometime between September 8, 2022 and April 1, 2023.

115.    The Island Georgetown Dispensary has never had a cannabis retailer license issued by ABCA.  At all times it operated as illegal dispensaries selling illegal cannabis. None of the cannabis it sold was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location were illegal and obtained from illegal sources.

116.    The 1326 Wisconsin Property Owners never investigated or conducted any meaningful due diligence review of the Island Georgetown Dispensary before entering into a lease because it knew that the Island Georgetown Dispensary was involved in the sale of illegal cannabis. Anyone walking by the dispensary would suspect that cannabis and "magic" mushrooms was being sold inside.  Large mushroom sculptures are in the window storefront, and there is a wide open view into the dispensary.  The 1326 Wisconsin Property Owners never took any other

action to determine if the Island Georgetown Dispensary had any legitimate (legal) business purpose.

117.    The Island Georgetown Dispensary advertises extensively in interstate commerce through its use of social media Facebook (Smoke Island DC), Instagram (@smokeislanddmv), the internet and numerous paid ad sites for illegal dispensaries (Cannapages, Yelp, Roadtripper, Patch, Giftly, LinkedIn (Smoke Island), Glassdoor, Smokeopedia.com, Findshop.com, Loc8nearme.com, Capepapa.com), and uses its website (www.smokeislandinc.com) to make false or misleading statements about its legal status to sell cannabis in DC or the nature, characteristics, qualities or origin of the cannabis it sells to confuse or deceive consumers.

118.    The Island Georgetown Dispensary uses its website to advertise and falsely promote itself and its products as legal.  On its website Island Georgetown Dispensary presents a substantial menu of cannabis and cannabis products for sale (Flowers, Edible & Gummy, Pre-rolls, Disposable vape pens and Cartridge).  There are photos of each product with a description and orders may be placed online.

119.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Island Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Island Georgetown Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

120.    On January 27, 2024, Plaintiff investigated the Island Georgetown Dispensary and observed the display and sale of illegal cannabis, including electronic smoking devices.

121. On July 3, 2024, ABCB issued it Order to Cease and Desist to the Island Georgetown Dispensary, its owner, Defendant Aljoumari, and the 1326 Wisconsin Property Owners "to cease the illegal purchase, sale, exchange, delivery, or any other form of commercial transaction involving cannabis immediately." The Cease and Desist Order noted ABCA's investigation of the illegal dispensary/smoke shop on March 20, 2024, and again on June 27, 2024, and their investigator's observation that the dispensary was engaged in the illegal sale and distribution of cannabis. On July 20, 2024, ABCA sent a Notice of Unlicensed Cannabis Operation at Property to the 1326 Wisconsin Property Owner emphasizing the property owner's responsibility for violation of DC laws regarding "the sale, distribution, and trafficking of cannabis" at the property.

122. On August 16, 2024, Plaintiff again investigated the Island Georgetown Dispensary and observed the display and sale of illegal cannabis, including vapes. The illegal dispensary ignored ABCB's Cease and Desist Order.

123. The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Island Georgetown Dispensary. The 1326 Wisconsin Property Owner materially contributed to the Island Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers. Without the material participation of the 1326 Wisconsin Property Owner in leasing its commercial space to the Island Georgetown Dispensary the illegal cannabis sales by Island Georgetown Dispensary would not have been made.

### H. 4905 WISCONSIN PROPERTY OWNER – ISLAND TENLEYTOWN DISPENSARY

124.    Defendant 3M & G LLC ('4905 Wisconsin Property Owner") leases its commercial space to Defendant Smoke Island Inc. ("Island Tenleytown Dispensary") who operates an illegal cannabis dispensary and a smoke shop selling illegal tobacco products at the same location.

125.    The 4905 Wisconsin Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  It appears that the 4905 Wisconsin Property Owner leased to the Island Tenleytown Dispensary back to approximately July 3, 2019 when it obtained a Certificate of Occupancy (CO1903017) to use the property for "Retail Cigar/Smoking Store" not just as a partial cover an illegal cannabis dispensary, but also to partially cover its sale of illegal flavored tobacco products.  That time further fits with the timing of the Island Tenleytown Dispensary's incorporation on June 17, 2019.  At that point, the Island Tenleytown appears to be new to the District of Columbia but it was already operating other illegal cannabis dispensaries in the metropolitan area.

126.    The Island Tenleytown Dispensary never had a cannabis retailer license issued by ABCA. At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

127.    The 4905 Wisconsin Property Owner never investigated or conducted any meaningful due diligence review of the Island Tenleytown Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis.  The 4905 Wisconsin Property Owner never took any other action to determine if the Island Tenleytown Dispensary had any legitimate (legal) business purpose.

128.    The Island Tenleytown Dispensary advertises in interstate commerce through its use of social media (Facebook) and the internet (Google, etc.) posting a variety of illegal cannabis and illegal nicotine products sold at the dispensary/smoke shop, and the website it shares with its affiliated (and unlicensed) dispensaries, *i.e.* Island Georgetown Dispensary and Island Takoma Dispensary (www.smokeislandinc.com) to make false or misleading representations regarding the dispensary's legal status to sell cannabis in DC and the nature, characteristics, qualities and origin of the cannabis it sell.

129.    The Island Tenleytown Dispensary uses its website to advertise and falsely promote itself and its products as legal to cause confusion and deceive consumers.

130.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Island Tenleytown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Island Tenleytown Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

131.    On August 17, 2024, Plaintiff investigated the Island Tenleytown Dispensary and observed the display and sale of illegal cannabis products, as well as illegal flavored tobacco products.

132.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Island Tenleytown Dispensary.  The 4905 Wisconsin Property Owner materially contributed to the Island Tenleytown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 4905 Wisconsin Property

40

Owner in leasing its commercial space to the Island Tenleytown Dispensary the illegal cannabis sales by Island Tenleytown Dispensary would not have been made.

## I.      6906 4th PROPERTY OWNER – ISLAND TAKOMA DISPENSARY

133.     Defendant Champe B. Thorton ("6906 4th Property Owner") leases his commercial space to Defendant Smoke Island2, Inc. ("Island Takoma Dispensary") who operates an illegal dispensary combined with a smoke shop selling illegal flavored tobacco products at that location.

134.    The 6906 4th Property Owner has intentionally leased its commercial space for the sale of illegal cannabis.  It appears that the 6906 4th Property Owner leased to the Island Takoma Tenleytown Dispensary back to around December 1, 2020 which is the date that Island Takoma Dispensary obtained a general business license at that location, and the date that a Certificate of Occupancy was issued for "Retail Smoke/Cigar Shop. The 6906 4th Property Owner was motivated to lease this space for an illegal dispensary in order to obtain higher lease rates was fully aware that the intended activity was illegal and were aware of  the consequences of its actions.

135.    The storefront window has an illuminated "CBD" and Green Cross signs signaling the sale of cannabis inside.  Photos of the storefront window are posted on the internet along with other photos of the inside of the dispensary/smoke shop displaying illegal cannabis, illegal flavored tobacco products and prohibited electronic smoking devices.

136.    The Island Takoma Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

137.    The 6906 4th Property Owner never investigated or conducted any meaningful due diligence review of the Island Takoma Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis.  The 6906 4th Property Owner never took any other action to cease the sale of illegal cannabis and flavored tobacco products.

138.    The Island Takoma Dispensary advertises in interstate commerce through its use of social media and the internet it shares with its two affiliated (and illegal) dispensaries  in the District of Columbia.  The Island Takoma Dispensary also shares its website (www.flavorsitaly420.com) with its affiliates to make false or misleading representations as to its own legal status to sell cannabis in DC and the nature, characteristics, qualities and origin of the cannabis it sell to consumers.

139.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Island Takoma Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Island Takoma Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

140.    On August 17, 2024, Plaintiff investigated the Island Takoma Dispensary and observed the display and sale of illegal cannabis and flavored tobacco products.

141.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Island Takoma Dispensary.  The 6906 4th Property Owner materially contributed to the Island Takoma Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 6906 4th Property Owner in leasing its

commercial space to the Island Takoma Dispensary the illegal cannabis sales by Island Takoma

Dispensary would not have been made.

### J.  DEFENDANT ALJOUMARI

142.    Defendant Aljoumari is the only listed shareholder of the Island Georgetown Dispensary,

the Island Tenleytown Dispensary, and the Island Takoma Dispensary which are each closely-

held corporations controlled by Mr. Aljoumari.

143.    Each of these three unlicensed, illegal cannabis dispensaries also sell illegal flavored

tobacco products and are business conduits for Defendant Aljoumari.  Mr. Aljoumari is a Virginia

Resident who controls all three illegal cannabis dispensaries in the District of Columbia.

144.    There is a commingling of business records among Island Georgetown Dispensary, Island

Tenleytown Dispensary, and Island Takoma Dispensary and Mr.Aljoumari.  No corporate veil

should exist to insulate Defendant Aljoumari from the liabilities of the three illegal dispensaries

he controls in DC.

### K.  1922 I PROPERTY OWNER – TREEHOUSE FOGGY BOTTOM DISPENSARY

145.    Defendant JMG LLC ("1922 I Property Owner") leases its commercial space to

Defendant Higher Standards LLC t/a The Tree House ("Treehouse Foggy Bottom Dispensary")

who operates an illegal cannabis dispensary that also sells prohibited electronic smoking devices

at that location.

146.    The 1922 I Property Owner intentionally leased its commercial space for the sale of

illegal cannabis.  It appears that the 1922 I Property Owner leased to the Treehouse Fogy Bottom

Dispensary sometime between March 3, 2022, when the Certificate of Occupancy (CO2201342)

was issued and June 1, 2022 when the Treehouse Foggy Bottom Dispensary was issued a general

business license (400322807104).  The 1922 I Property Owner concealed the intended use of the

space by stating on its CO application that the space was to be used as a yoga studio.  The

property owner was motivated to lease this space for an illegal dispensary in order to obtain

higher lease rates and possibly some share of the revenues and was fully aware that the intended

activity was illegal and were aware of  the consequences of its actions.

147.   The Treehouse Foggy Bottom Dispensary never had a cannabis retailer license issued by

ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the

cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or

manufacturers in the District of Columbia; consequently all cannabis that sold from this location

was illegal and obtained from unknown illegal sources in other states or foreign countries.

148.   The 1922 I Property Owner never investigated or conducted any meaningful due

diligence review of the Treehouse Foggy Bottom Dispensary before entering into a lease because

it knew that this dispensary was involved in the sale of illegal cannabis.  In fact, the principal

place of business for Treehouse Foggy Bottom Dispensary is listed at 1541 New Jersey Avenue

NW which is also the location of another illegal dispensary, *i.e.*, Garden Truxton Circle

Dispensary.  The Treehouse Foggy Bottom Dispensary was not hiding from the 1922 I Street

property owner the nature of its business.  As a practical matter, the physical layout of the

property and getting up to the second floor meant full disclosure to the first floor tenant as to the

nature of the business on the second floor where the dispensary is located. The primary purpose

of the dispensary is to sell cannabis illegally and the 1922 I Property Owner understood this and

never took any other action to determine if the dispensary any legitimate (legal) business

purpose.

149.   The Treehouse Foggy Bottom Dispensary advertises in interstate commerce through its

extensive use of social media (Instagram (@treehousedc), and the internet (Toker's Guide,

Weebly.com, Issuu.com, etc.) and its own website (www.treehousedc.com.com) to make false or misleading representations as to its own legal status to sell cannabis in DC and the nature, characteristics, qualities and origin of the cannabis it sells to consumers. The dispensary encourages consumers to use its website to place advance orders to be picked-up and well as to gain consumer contact information from their use of credit and debit cards.  The dispensary also has its own app it further encourages consumers to purchase more from the dispensary.

150.     The Treehouse Foggy Bottom Dispensary seeks to divert commercial sales from the legal cannabis market in DC in part by making false claims it is "I-71 compliant" and that it is a legal dispensary and the products it sells are legal. Its ad on Toker's Guide states:

> The Tree House is an Initiative I-71 compliant premium CBD stop located in Foggy Bottom in Washington, DC 2014.

151.     The Treehouse Foggy Bottom Dispensary's claims of being I-71 compliant is meant to downplay the importance of a legal license and to reassure customers that buying what amounts to illegal products from them is safe. As summarized in its website:

> Treehouse is a Washington, DC Dispensary that boasts one of the largest and most diverse Medicinal Cannabis menus in the DC Market. We prioritize carefully selecting our cannabis prerolls to ensure the highest quality and consistency for your every need.
>
> We are renowned for our friendly, fast and reliable service and have been told that we are the **Best Cannabis Dispensary in the Washington DC Metro area.**

152.     The Treehouse Foggy Bottom Dispensary's website presents a substantial menu of cannabis flower and other cannabis products for sale that includes 20+ Flower Strains, 10+ Pre-roll strains, 10+ Flavors of cart, and 15+ Types of Edibles.  There are photos of each product with a description and posted prices.  Orders may be placed online for pickup at the dispensary. Dispensary or download its own app and build reward points.

153.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed

dispensaries (like Treehouse Foggy Bottom Dispensary) as premium, legal products to gain an

unfair competitive advantage over licensed dispensaries.

154.    On February 3, 2024, Plaintiff investigated the Treehouse Foggy Bottom Dispensary and

observed the display and sale of illegal cannabis.

155.    On August 17, 2024, Plaintiff investigated the Treehouse Foggy Bottom Dispensary and

observed the display and sale of illegal cannabis.

156.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost

commercial sales that were instead made by Treehouse Foggy Bottom Dispensary.  The 1922 I

Property Owner materially contributed to the Treehouse Foggy Bottom Dispensary's deception

of consumers regarding its own legal status as well as the legal status under DC law of the

cannabis it is selling consumers.  Without the material participation of the 1922 I Property Owner

in leasing its commercial space to the Treehouse Foggy Bottom Dispensary the illegal cannabis

sales by Treehouse Foggy Bottom Dispensary would not have been made.

### L.  1541 NEW JERSEY PROPERTY OWNER – GARDEN TRUXTON CIRCLE DISPENSARY

157.    Defendant Susan Renee Taylor, Executor of the Estate of  Dolores Vernel Satterthwaite

("1541 New Jersey Property Owner") leases the commercial space at 1541 New Jersey Avenue

NW, Washington, DC 20001 to Defendant The Garden LLC t/a The Garden DC ("Garden

Truxton Circle Dispensary") who operates an illegal dispensary that also sells prohibited

electronic smoking devices at that location.

158.    The 1541 New Jersey Property Owner intentionally leased its commercial space for the

sale of illegal cannabis.  It appears that the 1541 New Jersey Property Owner first leased to the

Garden Truxton Circle Dispensary on or about January 1, 2021, the effective date of the first general business license (4003190085) issued to this dispensary at this location.

159.    On August 2, 2023, it appears that the Garden Truxton Circle Dispensary applied to change the Certificate of Occupancy and submitted along with its application what may have been a fake lease agreement.  The DC Department of Buildings Zoning Office refused to process the change to the CO because "the lease agreement does not reflect the true owners." There is something about this entire situation that at the very least is very remiss.

160.    Together the 1541 New Jersey Property Owner and the Garden Truxton Circle Dispensary concealed from the appropriate government agencies in the District of Columbia, the intended use of the space.  The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

161.    The Garden Truxton Circle Dispensary never had a cannabis retailer license issued by ABCA. At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

162.    The 1541 New Jersey Property Owner never investigated or conducted any meaningful due diligence review of the Garden Truxton Circle Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1541 New Jersey Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

163.    The Garden Truxton Circle Dispensary advertises in interstate commerce through its extensive use of social media (Facebook (The Garden DC), Instagram (@the-garden-dc)), the internet (Google , Waze, etc.), paid guide sites to illegal weed shops (Toker's Guide, Yelp) and its own website (www.dcgarden.com) to make false or misleading representations regarding its own legal  status to sell cannabis in DC and also as to the nature, characteristics, qualities and origin of the cannabis it sells to confuse or deceive consumers.

164.    The Garden Truxton Circle Dispensary seeks to divert commercial sales from the legal cannabis market in DC by its false claims it is "I-71 compliant", and misrepresenting that its cannabis is legal and can be legally obtained from the Garden Truxton Circle Dispensary as a "gift".  Its website states:

> If  uou're looking to buy CBD products in DC you've come to the right place.  We gift you high quality cannabis flower that is Initiative 71 compliant.
>                                         ***
> The Garden is an Initiative 71 Compliant Shop, therefore does NOT sell Weed, but gifts free weed with token purchases.  Learn more about getting weed in Washington DC here.

165.    The Garden Truxton Circle Dispensary's claims of being I-71 compliant are meant to confuse or deceive consumers into buying illegal cannabis that the dispensary misrepresents as safe and legal. As summarized in its website:

> Q. Do I need a medical marijuana card to shop [for cannabis]?
> A. No, we gift THC under Initiative 71, we are not a dispensary. Therefore, you can receive THC items proving you are 21 or older.

166.    The fact that an unlicensed, illegal cannabis dispensary is able to sell illegal cannabis flower and other cannabis products is another demonstration of the extent of its false advertising and promotion that misrepresent the nature, characteristics, qualities, and origin of the cannabis being sold by  the Garden Truxton Circle Dispensary.

167.    The Garden Truxton Circle's website presents CBD products for pets, THC flower, THC pre-rolls and THC concentrates and Edibles for sale.  There are photos of each product with a description and posted prices.  Among its illegal cannabis products are edibles that are deceptively packaged to look like famous, non-cannabis consumer goods , e.g., Butterweed packaged to look like Butterfingers, Stoner Patch packaged to look like Sour Patch, and other products also in false and deceptive packaging.

168.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Garden Truxton Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

169.    On January 31, 2024, Plaintiff investigated the Garden Truxton Circle Dispensary and observed its display of illegal cannabis for sale in the dispensary, including THC flower and products, concentrates, cartridges, THC and CBD edibles, candies, and "magic" mushrooms.

170.    On August 17, 2024, Plaintiff investigated the Garden Truxton Circle Dispensary and observed the display and sale of illegal cannabis, including illegal electronic smoking devices within ¼-mile of a middle or high school.

171.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Garden Truxton Circle Dispensary.  The 1541 New Jersey Property Owner materially contributed to the Garden Truxton Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1541 New Jersey Property Owner in leasing its commercial space to the Garden Truxton Circle Dispensary the illegal cannabis sales by Garden Truxton Circle Dispensary would not have been made.

**M.  2517 PENNSYLVANIA PROPERTY OWNER – VELVET'S FOGGY BOTTOM DISPENSARY**

172.    Defendant Niki Properties LLC ("2517 Pennsylvania Property Owner") leases its commercial space to Defendant DMV Investments Group LLC t/a Velvet's ("Velvet's Foggy Bottom Dispensary") who operates an illegal dispensary that also sells illegal flavored tobacco products, and illegal electronic smoking devices within ¼-mile of a middle or high school at that location.

173.    The 2517 Pennsylvania Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  It appears that the 2517 Pennsylvania  Property Owner first leased to the Velvet's Foggy Bottom on or about December 23, 2021 which was the last time that the 2517 Pennsylvania Property Owner sought to amend its Certificate of Occupancy (CO2200331) to reflect an ownership change in retail activity on the leased commercial.  Although the property owner did not disclose the actual purpose of its tenant's activities, the time frame is consistent with other information known to Plaintiff, including the posting of a photo on Google of the dispensary two years ago showing it in full operation at this location.

174.    On January 4, 2023, the DC Government opened a civil infraction proceeding against Velvet's Foggy Bottom Dispensary (at that time it was t/a Budda Kush Tobacco & Vapes).  Shortly thereafter, on January 4, 2023, Velvet's Foggy Bottom Dispensary filed for a Cigarette Retail license but failed to apply for a legal cannabis retailer license.  The 2517 Pennsylvania Property Owner was privy to this yet it continued to lease to Velvet's and collect its lease payments.

175.    Together the 2517 Pennsylvania Property Owner and the Velvet's Foggy Bottom Dispensary concealed from the appropriate government agencies in the District of Columbia, the intended use of the space.  The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

176.    The Velvet's Foggy Bottom Dispensary never had a cannabis retailer license issued by ABCA.  At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

177.    The 2517 Pennsylvania Property Owner never investigated or conducted any meaningful due diligence review of the Velvet's Foggy Bottom Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The storefront window displays illuminated "CBD," "DELTA 8" and Green Cross signs, as well the outdoor sign stating it sells "VAPES". The primary purpose of the dispensary is to sell cannabis illegally and the 2517 Pennsylvania Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

178.    The Velvet's Foggy Bottom Dispensary advertises in interstate commerce through its use of social media ( Instagram (@velvets_smoke_shop.dc), the internet (Google ,Cannapages.com, Nextdoor.com, Trustedland.com, nationalcreditdirect.com, etc.), and its own website (www.the-velvet-smoke-shop.ueniweb.com) to make false or misleading representations as to its legal status to sell cannabis in DC  and as to the nature, characteristics, qualities and origin of the cannabis it sells to consumers.

179.    The Velvet's Foggy Bottom Dispensary seeks to divert commercial sales from the legal cannabis market in DC by misrepresenting itself and its cannabis as legal and safe.

> If you are looking for cartridges, then we shop in right place for you.  We provide cartridges with a variety of flavors and strength.  All of them are lab-tested and you are sure to be buying a safe product.

180.    The Velvet's Foggy Bottom's claims of its cannabis cartridges being safe and lab-tested are false as are its numerous misrepresentations about the cannabis it sells that it makes to cause confusion or deceive consumers.

181.    The Velvet's Foggy Bottom's website presents a variety of THC and CDB products (including CBD products for pets), including cartridges, edibles, gummies, CBD products for pets, THC flower, THC pre-rolls, THC concentrates and Edibles for sale.  Also posted on the internet in interstate commerce are photos of the storefront windows and signs indicating it sells cannabis plus photos of the inside of the dispensary displaying the illegal cannabis products and illegal flavored tobacco products for sale.

182.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Velvet's Foggy Bottom Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Velvet's Foggy Bottom Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

183.    On January 24, 2024 and February 7, 2024, Plaintiff investigated the Velvet's Foggy Bottom Dispensary and observed THC cannabis products being sold to customers and a wide display of illegal cannabis.  The dispensary has a long glass counter that runs the length of the store with shelves on the wall behind the counter also displaying cannabis products.  Among the cannabis products on display are edibles deceptively packaged to packed to look practically identical to popular consumer candy brands like Almond Joy, 3 Musketeers, Donita chips, Sweet

Tarts, Nerds Rope, and Reefers (Reece's) and some edibles that have a homemade appearance like brownies and cookies.

184.    On May 23, 2024, ABCA issued a warning letter to the Velvet's Foggy Bottom Dispensary stating that ABCA's investigator on May 23, 2024, had "observed unlicensed and illegal cannabis operations in violation of Chapter 16B of title 7 of the D.C. Official Code and D.C. Official Code §48-904.01", including "illegally selling cannabis or knowingly engaging or attempting to engage in the purchase, sale, exchange, or delivery cannabis (D.C. Official Code §§7-1671.08(f), 48-904.01(a)(1)(B))."

185.    ABCA's May 23, 2024 letter concluded by stating:

> Please note that the issuance of this warning letter does not protect you from prosecution by other federal or District law enforcement agencies or from any lawsuits that may be filed by private actors against you.  Therefore, you are putting yourself at risk if you continue to engage in this illegal conduct or continue to allow it to occur.

186.    On August 17, 2024, Plaintiff again investigated the Velvet's Foggy Bottom Dispensary and observed the display and sale of illegal cannabis.

187.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Velvet's Foggy Bottom Dispensary.  The 2517 Pennsylvania Property Owner materially contributed to the Velvet's Foggy Bottom Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 2517 Pennsylvania Property Owner in leasing its commercial space to the Velvet's Foggy Bottom Dispensary the illegal cannabis sales by Velvet's Foggy Bottom Dispensary would not have been made.

**O.  1526 U PROPERTY OWNER – DOOBIE U STREET DISPENSARY**

188.    Defendant 1526 LLC ("1526 U Street Property Owner") leases its commercial space to Defendant KLM LLC t/a Doobie District ("Doobie U Street Dispensary") who operates an illegal cannabis dispensary and sells illegal electronic smoking devices at that location.

189.    The 1526 U Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  It appears that the 1526 U Street  Property Owner first leased to the Doobie U Street Dispensary on or about April 26, 2021 when the 1526 U Street Property Owner obtained a Certificate of Occupancy (CO2101816) to reflect use of the space for "Retail-Hobby".

190.    Together the 1526 U Street Property Owner and the Doobie U Street Dispensary concealed from the appropriate government agencies in the District of Columbia, the intended use of the space.  The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

191.    The Doobie U Street Dispensary never had a cannabis retailer license issued by ABCA. At all times it has operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

192.    The 1526 U Street Property Owner never investigated or conducted any meaningful due diligence review of the Doobie U Street Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1526 U Street Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

193.   The Doobie U Street Dispensary promotes itself and advertises in interstate commerce through its use of social media and the internet (Google ,Yelp, Certifiedswan.com, Allbus.com, Startus.cc, Nextdoor.com, Enterpriseleague.com, Soundcloud.com, Trydoobie.com,, Washingtononline.us, Letfindout.com,b2bglobal.pro, Medium.com, Cannapages.com, Nextdoor.com, Trustedland.com, nationalcreditdirect.com, etc.), and its own website (www.doobiedistrict.com) makes false or misleading statements as to its own legal status to sell cannabis in DC and as to the nature, characteristics, qualities and origin of the cannabis it sells to consumers.

194.   Among the cannabis flower and other cannabis products offered online through its website are cereals, Doobie-branded snacks, ice cream, flower, pre-rolls, gummies, drinks, cartridges, hash, and resin dadder. To sell its cannabis the Doobie U Street Dispensary claims that it  operates lawfully and it follows I-71 and I-81 rules and regulations.  There are no I-71 or I-81 (relates to "magic" mushrooms) rules and regulations issued by any DC Government agency, and "gifting" by commercial retailers constitutes an illegal sale of cannabis. Statements on its website to consumers regarding cannabis law in DC is intended to deceive consumers:

> The Doobie District operates lawfully in Washington DC.  We comply
> with Initiative 81, which allows for the personal use of cannabis.
>
> ***
> The Doobie District is a gifting store.  In legal amounts, of course,  We
> follow I-81 rules and regulations on what amount we can gift.
> ***
> While [Initiative 71] law permits the possession and gifting of marijuana,
> commercial sales remains prohibited.  Fear not, my friends, for where there's
>  a will there's a way – and in this case, that way leads straight to the doorstep
> of the establishment like The Doobie District.

195.   The Doobie U Street Dispensary seeks to divert commercial cannabis sales from the legal cannabis market in DC in part by arguing that it is easier to deal with a dispensary that does not

follow the laws.  It believes the public would prefer dealing with a dispensary like this one which does not concern itself with the law:

> Now, let's get down to brass tacks.  You're itching for some green goodies
> But you're not quite sure where to start.  Fear not, for we're here to guide
> you through the maze of DC's cannabis landscape.  The easy route?  That's
> where The Doobie District comes into play, friends.  Swing by our joint
> (pun intended), sang yourself a token, and let the good times roll.  No
> medical marijuana card is required, no fuss, no muss.  On the flip side, if
> you're dead set on hitting up a [legal] medial dispensary, be prepared for
> a bit of a journey.  You'll need a doctor's recommendation, a heap
> of paperwork and the patience of a saint.  It's not impossible, but why
> jump through hoops when you can waltz right into The Doobie District?
> Choose wisely, dear friends, for the greenest grass may not always be
> the easiest to reach.

196.    The fact that an unlicensed, illegal cannabis dispensary is able to sell illegal cannabis and cannabis products is another demonstration of the extent of its false advertising and promotion intended to deceive consumers.

197.    The Doobie U Street Dispensary's website presents a variety of THC and CDB products (including CBD products for pets), including cartridges, edibles, gummies, CBD products for pets, THC flower, THC pre-rolls, THC concentrates and Edibles for sale.

198.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Doobie U Street Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

199.    On February 7, 2024, Plaintiff investigated the Doobie U Street Dispensary and observed THC cannabis products being sold to customers and a wide display of cannabis flower and other cannabis products on display.

200.    On August 17, 2024, Plaintiff investigated Doobie U Street Dispensary and observed the display and sale of illegal cannabis.

201.   The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Doobie U Street Dispensary.  The 1526 U Street Property Owner materially contributed to the Doobie U Street Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1526 U Street Property Owner in leasing its commercial space to the Doobie U Street Dispensary the illegal cannabis sales by Doobie U Street Dispensary would not have been made.

### P.  1636 R PROPERTY OWNER – DOOBIE DUPONT CIRCLE DISPENSARY

202.   Defendant 1636 R Street NW Holding LLC ("1636 R Property Owner") leased its commercial space at 1636 R Street NW, Washington, DC 20009-6440 to Defendant KLM LLC t/a Doobie Deuce ("Doobie DuPont Circle Dispensary") who operated an illegal dispensary at that location.

203.   The 1636 R Property Owner intentionally leased its commercial space for use in the sale of illegal cannabis.  It appears that the 1636 R Property Owner first leased to the Doobie DuPont Circle Dispensary sometime in 2022.  This is based on an internet posting stating that the dispensary was founded in 2022.  The 1636 R Property Owner tried to conceal from the DC Office of Zoning that an illegal dispensary was operating at that location by not requiring the dispensary obtain a legal cannabis license or even a basic business license, and no application for a Certificate of Occupancy was ever filed for the commercial space on the second floor occupied by the dispensary.

204.   The 1636 R Property Owner aggressively sought to lease its commercial space to illegal cannabis dispensaries.  Prior to 2022 it appears to have leased to an illegal dispensary trading as Gold Standard Exotic's, then after the Doobie DuPont Circle Dispensary closed earlier in 2024,

the 1636 R Property Owner turned around leased to Capital Cannabis DC LLC ("Capital DuPont Circle Dispensary") which is yet another illegal, unlicensed cannabis dispensary.

205.    Together the 1636 R Property Owner and the Doobie DuPont Circle Dispensary concealed from the appropriate government agencies in the District of Columbia, the intended use of the space.  The property owner and dispensary were collectively motivated to use this commercial space to generate illegal cannabis revenues.

206.    The  Doobie DuPont Circle Dispensary never had a cannabis retailer license issued by ABCA.  At all times it operated as an illegal dispensary selling illegal cannabis. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis and cannabis products that sold from this location was illegal and obtained from unknown illegal sources in other states or foreign countries.

207.    The 1636 R Property Owner never investigated or conducted any meaningful due diligence review of the Doobie DuPont Circle Dispensary (nor any of the predecessor or successor illegal dispensaries at the same location) before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1636 R Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

208.    The Doobie DuPont Circle Dispensary advertised in interstate commerce through its use of social media (TikTok), paid guides to illegal dispensaries (Leafly), various internet postings and ads (Google, Medium, Allbud.com, Osogho.com, Enterpriseleague.co, Letsknowit.com,

Lightroom.com. Allhiphop.com, etc.), and its own website (www.doobiedeuce.com) as well as jointly with its affiliated dispensary, Doobie U Street Dispensary.  The Doobie DuPont Circle Dispensary  used the internet to make false or misleading representations about its own legal status to sell cannabis in DC and regrading the nature, characteristics, qualities, and origin of the cannabis it sell consumers.  Doobie DuPont Circle Dispensary and Doobie U Street Dispensary use the same logo of a large cartoonish Dog smoking a joint; however, it appears that all three Doobie dispensaries are connected.

209.    Among the cannabis flower and other cannabis products previously offered online through its website were cereals, Doobie-branded snacks, ice cream, flower, pre-rolls, gummies, drinks, cartridges, hash, and resin. To sell its cannabis the Doobie DuPont Dispensary claims that it operated lawfully and it followed I-71 and I-81 rules and regulations.  There are no I-71 or I-81 (relates to magic mushrooms) rules and regulations issued by any DC Government agency, gifting by commercial retailers is illegal. The Doobie DuPont Circle Dispensary consistently falsely advertised and promoted itself as a legal dispensary:

> Doobie Deuce is the only marijuana dispensary in Washington, DC with premium grade bud.  Our weed shop in Washington DC is the best ideal for such use.  We comply with both Initiatives 71 and 81, which allow the use of cannabis and psilocybin[magic mushrooms] respectively.  We operate lawfully.  The right way.  The legal way.

210.    The Doobie DuPont Circle Dispensary sought to divert revenues from the legal market by arguing that it was legal and its cannabis and cannabis products were legal. To encourage customers to shop there on its website it claimed it had the most extensive legal cannabis menu:

> We are Doobie Deuce aka Doobie District, with a second location and bring you the best of Washington DC. Weed stores.  Doobie Deuce is a premium marijuana dispensary in Washington DC.  There is no better anywhere else, which is as good a reason as any to choose us. Patients do.  Most of them.  There are other reasons too. Many.

> We are the envy of every cannabis dispensary in town.  Besides the obvious top quality of our products, Doobie Deuce is popular for its efficient delivery service.  We are faster than everyone else.  Professional.  Legal.  Reliable cannabis delivery is exactly what makes us so popular.
>
> There is our menu too.  It offers more products than all weed stores in Washington DC combined.  It is comprehensive. Exciting.  We have most strains available, any way you want them.

211.    The fact that an unlicensed, illegal cannabis dispensary is able to sell illegal cannabis flower and other cannabis products is another demonstration of the extent of its false advertising and promotion.

212.    The Doobie DuPont Circle Dispensary's website presented a variety of THC and CDB products (including CBD products for pets), including cartridges, edibles, gummies, CBD products for pets, THC flower, THC pre-rolls, THC concentrates and Edibles for sale.

213.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Doobie U Street Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

214.    On January 31, 2024 and February 13, 2024, Plaintiff investigated the Doobie DuPont Circle Dispensary and observed THC cannabis products being sold to customers and a  display of illegal cannabis flower and other cannabis products.  The dispensary employee stated that the dispensary was legally licensed to sell cannabis and all its products were approved by the DC Government for sale by the dispensary. On the second visit, the dispensary provided notice that at the end of March, 2024, the dispensary would be closing at that location.

215.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Doobie DuPont Circle Dispensary.  The 1636 R Property Owner materially contributed to the Doobie DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis

it is selling consumers.  Without the material participation of the 1636 R Property Owner in

leasing its commercial space to the Doobie DuPont Circle Dispensary the illegal cannabis sales

by DuPont Circle Dispensary would not have been made.

### Q.  1636 R PROPERTY OWNER – CAPITAL DUPONT CIRCLE DISPENSARY

216.    Defendant Capital Cannabis DC LLC ("Capital DuPont Circle Dispensary") was

organized in DC on April 24, 2024, to replace the Doobie DuPont Circle Dispensary as the tenant

on the second floor of 1636 R Street NW, Washington, DC 20009.  The 1636 R Property Owner

has for the past several years actively sought to lease its commercial space at this location for use

by unlicensed cannabis dispensaries selling illegal cannabis flower and products.

217.    Neither the 1636 R Property Owner nor the Capital DuPont Circle Dispensary ever

sought a Certificate of Occupancy for the use of this commercial space.  Together the 1636 R

Property Owner and the Capital DuPont Circle Dispensary concealed from the DC Zoning Office

and other appropriate government agencies in the District of Columbia, the intended use of the

space.  The property owner and dispensary were collectively motivated to use this commercial

space to generate revenues from the commercial sale of illegal cannabis.

218.    The  Capital DuPont Circle Dispensary never had a cannabis retailer license issued by

ABCA.  At all times it operated as an illegal dispensary selling illegal cannabis and cannabis

products. None of the cannabis and cannabis products sold by the dispensary were cultivated or

manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently

all cannabis that sold from this location by the Capital DuPont Circle Dispensary are illegal and

obtained from unknown illegal sources in other states or foreign countries.  The fact that the

Capital DuPont Circle Dispensary has applied for a legal cannabis license without disclosing that

is presently operating as an unlicensed dispensary selling cannabis products that are considered

illegal in DC and that licensed dispensaries are prohibited from selling is grounds for denying its application for a legal license.

219.    The 1636 R Property Owner never investigated or conducted any meaningful due diligence review of the Capital DuPont Circle Dispensary (nor any of the predecessor or successor illegal dispensaries at the same location) before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 1636 R Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

220.    The Capital DuPont Circle Dispensary promotes itself and advertises in interstate commerce through its use of social media (Instagram (@capitalcannabisllcdc)), paid guides to illegal dispensaries (TasteBud.com), various internet and ads (Google search, MapQuest, etc..), and its own website (www.capitalcannabis.store).  The Capital DuPont Circle Dispensary uses the internet and its store interactions with customers to present itself as a licensed dispensary that sells legal cannabis flower and products.  The opposite is true.

221.    On its website the Capital DuPont Circle Dispensary presents a menu of illegal cannabis flower and other cannabis products for sale under the following categories: Flower, Pre-Rolls (including diamond-infused pre-rolls), Concentrates (including products by Sour Bear, an illegal national brand), Edibles, and Cartridges (including Pacman, another illegal national brand). Photos, written descriptions, and prices are shown for each item on its menu.  None of these illegal cannabis flower and other cannabis products are cultivated or produced in DC and are not subject to any governmental authority.  None of these products can be sold by licensed

dispensaries and are illegal in DC.  Valid questions exist as to the safety of these products sold by Capital DuPont Circle Dispensary.  For example, the diamond-infused pre-rolls it sells are infused with THC-A , a crystalline structure that is a concentrated form of THC-A.  The lack of disclosure as to the nature of the products sold by unlicensed dispensaries like Capital DuPont Circle Dispensary is one reason the DC Government established a governmental agency to oversee the cannabis products allowed on the market.

222.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Capital DuPont Circle Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries.

223.    On September 6, 2024, Plaintiff investigated the Capital DuPont Circle Dispensary and observed the display and sale of illegal cannabis flower and other cannabis products.

224.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Capital DuPont Circle Dispensary.  The 1636 R Property Owner materially contributed to the Capital DuPont Circle Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 1636 R Property Owner in leasing its commercial space to the Capital DuPont Circle Dispensary the illegal cannabis sales by Capital DuPont Circle Dispensary would not have been made.

**R.  3249 M PROPERTY OWNER – HAVANA GEORGETOWN DISPENSARY**

225.    Defendant F&M Enterprises LLC ("3249 M Property Owner") leases its commercial space to George Town I Inc. t/a Georgetown C. Store and/or Havana Max ("Havana Georgetown Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location in

combination with a smoke shop that sells flavored tobacco products illegal under DC's Flavored Tobacco Prohibition Amendment Act of 2021.  DC Code §7-1721.08(a)(1).

226.    The 3249 M Property Owner intentionally leased its commercial space for the sale of illegal cannabis and tobacco products.  The 3249 M Property Owner has been leasing to the Havana Georgetown Dispensary since at least December 1, 2020 when the dispensary/smoke shop obtained a general business license (400321802342) which coincides with the issuance of a Certificate of Occupancy (CO2100497) issued to the dispensary's owner for Retail Sales-Tobacco.  The store windows have illuminated "DELTA 8" signs to signal that cannabis is sold inside and even looking inside from the street it is possible to see various drug paraphernalia for sale inside.  Once inside it is obvious that this dispensary/smoke shop sells a wide variety of cannabis products since pre-rolls and vapes are openly displayed are as a wide assortment of flavored tobacco products. Together the 3249 M Property Owner and the Havana Georgetown Dispensary concealed from the DC Zoning Office and other appropriate government agencies in the District of Columbia, their intention to sell illegal cannabis.  The property owner and dispensary were collectively motivated to use this commercial space to generate revenues from the commercial sale of illegal cannabis.

227.    The  Havana Georgetown Dispensary never had a cannabis retailer license issued by ABCA.  At all times it operated as an illegal dispensary/smoke shop selling illegal cannabis alongside an apparent mix of legal and illegal tobacco products. None of the cannabis the dispensary/smoke shop was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location by the Havana Georgetown Dispensary was illegal and obtained from unknown illegal sources in other states or foreign countries.

228.    The 3249 M Property Owner never investigated or conducted any meaningful due diligence review of the Havana Georgetown Dispensary (nor any of the predecessor or successor illegal dispensaries at the same location) before entering into a lease because it knew that this dispensary/smoke shop was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 3249 M Property Owner understood this and never took any other action to determine if the dispensary had any legitimate (legal) business purpose.

229.    The Havana Georgetown Dispensary promotes itself and advertises its cannabis and flavored tobacco products in interstate commerce through a wide variety of internet postings and ads (Roadtrippers, Google, Yahoo, Instagram (@havanamax), Smoketalk.com, Headypages.com, Findsmokeshop.com, Foursquare.com, MapQuest, etc.) and its own website (www.havanat.com). The Havana Georgetown Dispensary misrepresents the nature, characteristic, qualities and legality of the cannabis and flavored tobacco products it sells in the dispensary/smoke shop to confuse or deceive consumers.

230.    On its website the Havana Georgetown Dispensary presents a menu of illegal cannabis Delat 8 vapes from illegal national marketers that are not authorized to sell their cannabis products in DC, including vapes and gummies from Lipht, Kush Kolectiv, Koi, Cavier, Cake, and Juicy Kush.  None of these cannabis products can be legally sold in DC, but the Havana Georgetown promotes their sale as if these products were legal and safe. The same website lists a wide selection of flavored tobacco products for sale in the dispensary which are presented as legal products that is also intended to confuse or deceive consumers.

231.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Havana Georgetown Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Havana Georgetown Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

232.    On January 25, 2024, Plaintiff investigated the Havana Georgetown Dispensary and observed the display and sale of THC cannabis pre-rolls and a wide variety of other cannabis products plus flavored tobacco products.

233.    On October 5, 2024, Plaintiff again investigated the Havana Georgetown Dispensary and observed the display and sale of THC cannabis pre-rolls, a wide variety of cannabis vapes (CBD, THC-A, Delta 8, etc.) and flavored tobacco products, including flavored tobacco vapes.

234.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost commercial sales that were instead made by Havana Georgetown Dispensary.  The 3249 M Property Owner materially contributed to the Havana Georgetown Dispensary's deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers.  Without the material participation of the 3249 M Property Owner in leasing its commercial space to the Havana Georgetown Dispensary the illegal cannabis sales by Havana Georgetown Dispensary would not have been made.

### S.  607 PENNSYLVANIA PROPERTY OWNER – HAVANA CAPITOL HILL DISPENSARY

235.    Defendant J.J.E. Investment Properties LLC ("607 Pennsylvania Property Owner") leases its commercial space to PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary") who operates an unlicensed and illegal cannabis dispensary at that location in

combination with a smoke shop that sells flavored tobacco products and electronic smoking devices within ¼-mile of a middle or high school which are both illegal under DC's Flavored Tobacco Prohibition Amendment Act of 2021.  DC Code §7-1721.08(a)(1)-(2).

236.    The 607 Pennsylvania Property Owner intentionally leased its commercial space for the sale of illegal cannabis.  The 607 Pennsylvania Property Owner has leased this commercial space to the Havana Capitol Hill Dispensary since at least October 25, 2021, which is the date the Certificate of Occupancy (CO2200040) was issued to the dispensary's owner to operate a Retail Tobacco Store at that location.  The storefront window contains an illuminated "CBD" sign with a Green Cross and the display of drug paraphernalia to signal the sale of cannabis inside.  Once inside it is apparent to anyone that this shop is a cannabis dispensary that also sells a wide variety of flavored tobacco and vapes for both cannabis and flavored tobacco. Together the 607 Pennsylvania Property Owner and the Havana Capitol Hill Dispensary concealed from the DC Zoning Office and other appropriate government agencies in the District of Columbia, the intended use of the space to sell illegal cannabis.  The property owner and dispensary were collectively motivated to use this commercial space to generate revenues from the commercial sale of illegal cannabis plus illegal flavored tobacco and illegal electronic smoking devices.

237.    The  Havana Capitol Hill Dispensary never had a cannabis retailer license issued by ABCA.  At all times it operated as an illegal dispensary/smoke shop selling illegal cannabis alongside an apparent mix of legal and illegal tobacco products. None of the cannabis sold by the dispensary was cultivated or manufactured by licensed cultivators or manufacturers in the District of Columbia; consequently all cannabis that sold from this location by the Havana Capitol Hill Dispensary was illegal and obtained from unknown illegal sources in other states or foreign countries.

238.    The 607 Pennsylvania Property Owner never investigated or conducted any meaningful due diligence review of the Havana Capitol Hill Dispensary before entering into a lease because it knew that this dispensary was involved in the sale of illegal cannabis and expected it to generate significant revenues. The dispensary was not hiding from the property owner the nature of its business.  The primary purpose of the dispensary is to sell cannabis illegally and the 607 Pennsylvania Property Owner understood this and never took any other action to prevent the sale of illegal cannabis and flavored tobacco products or do anything about the sale of vapes considering the shop's location within ¼-mile of a middle or high school.

239.    The Havana Capitol Hill Dispensary promotes itself and advertises in interstate commerce through its use of the internet and social media ( Google, Instagram, Yelp, Capitolhillbid.org, etc.) and the website it shares with its affiliated and unlicensed dispensaries (www.havanat.com).  It uses the internet to advertises its location and to misrepresent its own legal status and the nature, characteristics, qualities and legality of the cannabis and tobacco products it sells in order to confuse or deceive consumers.

240.    Deceptively packaged cannabis from illegal sources are marketed by unlicensed dispensaries (like Havana Capitol Hill Dispensary) as premium, legal products to gain an unfair competitive advantage over licensed dispensaries. However, the Havana Capitol Hill Dispensary adds significantly to the deception of consumers by also selling in the same shop a wide selection of flavored tobacco products, including nicotine vapes, that are also illegal in the District of Columbia.

241.    On February 2, 2024, Plaintiff investigated the Havana Capitol Hill Dispensary and observed the display and sale of THC cannabis pre-rolls and a wide variety of other cannabis products plus flavored tobacco products.

242.    On June 7, 2024, ABCA sent the 607 Pennsylvania Property Owner, the Havana Capitol

Hill Dispensary and its owner, Defendant Ousman, a warning letter stating that ABCA's

Supervisory Investigator had "observed unlicensed and illegal cannabis operations" at the illegal

dispensary/smoke shop, including:

> Illegally manufacturing, cultivating, possessing, administrating, dispensing,
> distributing, or using cannabis on the premises in a manner not authorized by
> chapter 16B of Title 7 of the D.C. Official code or Title 22-C of the D.C.
> Municipal Regulations (D.C. Official Code §7-1671.08);
>
> Illegally displaying advertising or signs related to the price of cannabis;
> displaying cannabis advertisements on the exterior of a window or interior of any
> door; or making cannabis advertisements visible to persons or public or private
> space outside the premises (D.C. Official Code § 7-1671.06b( e).

243.    The same Warning Letter reiterated that DC law "contains no exception for products

categorized as hemp or hemp-derived under federal law and such products qualify as cannabis

under District law." And, further continued violation of the laws subjected the property owner

and illegal dispensaries to legal risks:

> Please note that the issuance of this warning letter does not protect you from
> prosecution by other Federal and District law enforcement agencies or from any
> lawsuits that may be filed by private actors against you.  Therefore, you are
> putting yourself at risk if you continue to engage in this illegal conduct or
> continue to allow it to occur.

244.    On August 21, 2024, Plaintiff again investigated the Havana Capitol Hill Dispensary and

observed the display and sale of THC cannabis pre-rolls, other cannabis products and flavored

tobacco products, including flavored tobacco vapes.  Neither the property owner nor the illegal

dispensary sought fit to follow the ABCA warning letter.

245.    The legal cannabis market in DC and ALCE members suffered damages as a result of lost

commercial sales that were instead made by Havana Capitol Hill Dispensary.  The 607

Pennsylvania Property Owner materially contributed to the Havana Capitol Hill Dispensary's

deception of consumers regarding its own legal status as well as the legal status under DC law of the cannabis it is selling consumers. Without the material participation of the 607 Pennsylvania Property Owner in leasing its commercial space to the Havana Capitol Hill Dispensary the illegal cannabis sales by Havana Capitol Hill Dispensary would not have been made.

### T.  DEFENDANT AMRU B. OUSMAN

246.    Defendant  Armu B. Ousman is either the only shareholder or the majority shareholder in three separate, closely-held corporations operating unlicensed and illegal cannabis dispensaries in the District of Columbia, including George Town I Inc. t/a Havana Max ("Havana Georgetown Dispensary"), PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary"), and AL and EM Inc. t/a Havana Smoke Shop ("Havana Tenleytown Dispensary").  The Havana Georgetown Dispensary and the Havana Capitol Hill Dispensary are defendants in this case, and the Havana Tenleytown Dispensary is a defendant in a related case in *Alliance of Legal Cannabis Entities-DC, LLC v. Mallios Realty LLC,* et al., Case No. 1:24-cv-02756-LLA. Mr. Ousman Directs and controls the illegal cannabis operations by these three separate corporations.

247.    Each of these three unlicensed, illegal cannabis dispensaries are business conduits for Defendant Ousman.  Mr. Ousman is a Virginia Resident who controls all three illegal cannabis dispensaries in the District of Columbia.

248.    There is a commingling of business records among the illegal cannabis dispensaries and Mr. Ousman.  With respect to the defendants in this case, there should be no corporate veil to insulate Defendant Ousman from the liabilities of the Havana Georgetown Dispensary and the Havana Capitol Hill Dispensary.

## COUNT I – LIABILITY FOR VIOLATION OF LANHAM ACT FOR UNFAIR COMPETITION

249.    Plaintiff incorporates by reference and restates here the assertions and allegations in

Paragraphs 1 through 248 above.

250.    Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) provides:

(a)  Civil Action:

(1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or in any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B)  in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities,

 shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

251.    Defendants KRS LLC ("Doobie Georgetown Dispensary" and "Greater Georgetown

Dispensary'), GT Vapes & More, LLC ("GT Vapes Georgetown Dispensary"), Emilia's

Enterprise, LLC ("Taste Georgetown Dispensary" and "Taste Capitol Hill Dispensary"), Smoke

Island9, Inc. ("Island Georgetown Dispensary"), Smoke Island, Inc. ("Island Tenleytown

Dispensary"), Smoke Island2, Inc. ("Island Tokoma Dispensary"), Higher Standards LLC

("Treehouse Foggy Bottom Dispensary"), The Garden LLC ("Garden Truxton Circle

Dispensary"), DMV Investments Group LLC ("Velvet's Foggy Bottom Dispensary"), KLM LLC

("Doobie U Street Dispensary" and "Doobie DuPont Dispensary"), Capital Cannabis DC LLC

("Capital DuPont Circle Dispensary"), George Town I Inc. t/a Havana Max ("Havana

Georgetown Dispensary"), and PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary") (hereinafter collectively referred to as "Sixteen Illegal Dispensary-Defendants")[3] each engaged in unfair competition against the legally licensed cannabis entities in violation of Section 43(a)(1)(A) of the Lanham Act.

252.    Each of the Sixteen Illegal Dispensary-Defendants falsely claim or represent in interstate commerce that the "origin" of the cannabis it sells (or sold) is cultivated or manufactured in the District of Columbia by licensed cultivators and/or manufactured because those licensees are the only source of legal cannabis under the laws of the District of Columbia.  None of the cannabis sold by any of the Sixteen Illegal Dispensaries had as its "origin" any of the licensed cultivators and/or manufacturers in the District of Columbia. The false or misleading representations as to the "origin" of the cannabis sold by the Sixteen Illegal Dispensary-Defendants violate Section 43(a)(1) of the Lanham Act.

253.    Each of the Sixteen Illegal Dispensary-Defendants falsely describe or give false or misleading representations in interstate commerce as to the cannabis they sell (sold) "to cause confusion, or to cause mistake, or to deceive" consumers "as to the origin, sponsorship, or approval" of the District of Columbia Government (through ABCA) in violation of Section 43(a)(1)(A) of the Lanham Act.

254.    Each of the Sixteen Illegal Dispensary-Defendants falsely describe or make false or misleading descriptions of facts or false or misleading representations of fact in interstate commerce as to their own legal status to sell cannabis in the District of Columbia "to cause confusion, or to cause mistake, or to deceive" consumers as to the unlicensed dispensary's

---

[3] Technically there are only thirteen Illegal Dispensary-Defendants since three of these defendants own and operate two illegal dispensaries, but each of these illegal dispensaries is described and explained separately in the Complaint.

"affiliation, connection, or association … as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities" by licensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

255.    Each of the Sixteen Illegal Dispensary-Defendants operate or operated in the past three years an illegal cannabis dispensary selling illegal cannabis flower and other cannabis products while simultaneously misrepresenting to customers (both in person and on the internet) that they were legally licensed or legally authorized in the District of Columbia to sell cannabis. These misrepresentations were made to deceive consumers to gain an unfair competitive advantage over licensed dispensaries who sold legal cannabis from licensed cultivators and manufacturers.

256.    Each of the Sixteen Illegal Dispensary-Defendants used the internet to deceive consumers in interstate commerce as to their legal status by claiming they were licensed or "i-71 compliant" or otherwise legally authorized to operate as a cannabis shop or dispensary and to sell or "gift" cannabis to consumers in accordance with the laws of the District of Columbia.

257.    Without such misrepresentations and deceptions aimed at consumers, none of the Sixteen Illegal Dispensary-Defendants would have been able to make inroads into the cannabis market in the District of Columbia.

258.    Each of the Sixteen Illegal Dispensary-Defendants deceived consumers (both in person and on the internet) by representing that the cannabis flower and other cannabis products they sold were legal in the District of Columbia.

259.    None of the cannabis flower and other cannabis products sold by the Sixteen Illegal Dispensary-Defendants in their stores, listed on their websites, or sold online was legal under the laws of the District of Columbia.

260.    Each of the Sixteen Illegal Dispensary-Defendants sells illegal cannabis that is deceptively packaged as a premium product to deceive consumers to gain an unfair competitive advantage over legal dispensaries who are prohibited from purchasing and selling illegal cannabis.

261.    Each of the Sixteen Illegal Dispensary-Defendants deceived consumers into purchasing cannabis that is illegal under the laws of the District of Columbia.

262.    Some of the Sixteen Illegal Dispensary-Defendants also sell "magic mushrooms" (the common street name for the "psilocybin" found in entheogenic plants and fungi) and magic mushroom products like chocolates as a substitutable product for cannabis.  These dispensaries misrepresent the magic mushrooms and products they sell as being legal in DC and only available as premium products available at certain (albeit illegal) dispensaries.  These representations are false and are intended to deceive consumers to encourage their shopping with the illegal dispensary.

263.    Some of the Sixteen Illegal Dispensary-Defendants also sell illegal flavored tobacco products, including nicotine vapes, as complementary "buzz" products that consumers may view as substitutable for cannabis.  By offering an additional product mix not available from licensed cannabis dispensaries , the unlicensed and illegal dispensaries seek to gain an unfair competitive advantage.

264.    Many of the Sixteen Illegal Dispensary-Defendants also sell electronic smoking devices for both cannabis and nicotine within ¼-mile of middle or high schools without regard to the prohibition of such sales under DC's Flavored Tobacco Prohibition Amendment Act of 2021.  The illegal dispensaries do so to gain an unfair competitive advantage over licensed cannabis dispensaries.

265.   Commercial sales of illegal cannabis flower and other cannabis products by these illegal dispensaries competed with commercial sales of the legal cannabis by legal, licensed dispensaries in the District of Columbia and diverted commercial sales from the legal cannabis market, causing commercial injury to licensed cultivators, manufacturers and dispensaries represented by ALCE.

266.   In accordance with 15 U.S.C. §1117, Plaintiff  seeks damages equal to the profits (trebled) of each of the Sixteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date the illegal dispensary ceased all illegal cannabis sales), plus interest, for violation of the Lanham Act for unfair competition.

267.   Defendants who, as property owners, received a percentage of revenues from illegal cannabis sales by one or more of the Sixteen Illegal Dispensary-Defendants as partial compensation to the Property Owner—Defendant for its risk in leasing to illegal cannabis dispensaries, functioned as an illegal cannabis dispensary and are also jointly and severally liable with the Illegal Dispensary-Defendant to ALCE.

**COUNT II – CONTRIBUTORY LIABILITY FOR VIOLATION OF LANHAM ACT FOR UNFAIR COMPETITION**

268.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 267 above.

269.   Defendants Parvis Mizrahi ("1251 Wisconsin Property Owner"), Preet Group Family Limited Partnership ("1432 Wisconsin Property Owner"), 1526 LLC ("1526 U Street Property Owner"), 1408-1410 Wisconsin LLC ("1408-1410 Wisconsin Property Owner"), LRS Holdings LLC ("1361 Wisconsin Property Owner"), Anne W. Shuman Trustee ("317 Pennsylvania Property Owner"), Margaret Grove and Charles W. Davis ("1326 Wisconsin Property Owner"),

3M & G LLC ("4905 Wisconsin Property Owner"), Champe B. Thorton V ("6906 4th Property Owner"), JMG LLC ("1922 I Property Owner"), Susan Renee Taylor, Executor of the Estate of Dolores Vernel Satterthwaite ("1541 New Jersey Property Owner"), Niki Properties LLC ("2517 Pennsylvania Property Owner"), 1636 R Street NW Holding LLC ("1636 R Property Owner"), F&M Enterprises LLC ("3249 M Property Owner"), and J.J.E. Investment Properties LLC ("607 Pennsylvania Property Owner") (hereinafter collectively referred to as "Fifteen Property Owner-Defendants") are each individually contributorily liable for violation of Section 43(a)(1)(A) of the Lanham Act for unfair competition.

270.    Each of the Fifteen Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed such illegal dispensaries to falsely claim or represent that they were legal or licensed cannabis dispensaries in a manner "likely to cause confusion, or to cause mistake, or to deceive" consumers as to the legal status in the District of Columbia of the unlicensed dispensaries in violation of Section 43(a)(1)(A) of the Lanham Act.

271.    Each of the Fifteen Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed the use of the commercial space and the address of such commercial space to be used to sell illegal cannabis which was  "likely to cause confusion, or to cause mistake, or to deceive" consumers  "as to the origin, sponsorship, or approval of" this illegal cannabis, or the legality of the other related services offered by unlicensed dispensaries, including access to credit or debit cards, and shipping and delivery of illegal cannabis in interstate commerce.

272.    Each of the Fifteen Property Owner-Defendants materially participated in the establishment of operations of one or more of the Sixteen Illegal Dispensary-Defendants by

leasing commercial space to them for the sale of illegal cannabis. These defendants materially participated with the illegal dispensary-defendants in violations of Section 43(a)(1)(A).

273.    Each of the Fifteen Property Owner-Defendants leased space in commercial properties they owned to unlicensed and illegal cannabis dispensaries.

274.    Each of the Fifteen Property Owner-Defendants had knowledge of or had reason to know that the Sixteen Illegal Dispensary-Defendants were unlicensed and sold illegal cannabis flower and other cannabis products, and illegal flavored tobacco products at their respective leased locations to gain an unfair competitive advantage.

275.    Many of the commercial properties leased to the Sixteen Illegal Dispensary-Defendants by the Fifteen Property Owner-Defendants are located within ¼-mile of a middle or high school in DC where the sale of all electronic smoking devices are prohibited under DC law.  Those Property Owner-Defendants had knowledge of or had reason to know that the Illegal Dispensary-Defendants that they leased to sold prohibited vapes and other illegal cannabis and nicotine products to gain an unfair competitive advantage.

276.    Each of the Fifteen Property Owner-Defendants was aware (or should have been aware) that consumers were deceived as to the legal status of the illegal dispensary-defendants, and the legality of the cannabis and flavored tobacco sold at these illegal dispensaries.

277.    Each of the Fifteen Property Owner-Defendants materially contributed to the deception of consumers by providing one or more illegal dispensaries with the appearance of legitimacy by leasing commercial property to the illegal dispensary.

278.    None of the Fifteen Property Owner-Defendants required any of the illegal dispensaries to become a legal, licensed dispensary, and only sell cannabis that was legal under the laws of the District of Columbia.

279.    "Willful blindness" of any of the Fifteen Property Owner-Defendants does not excuse their liability for violation of the Lanham Act for contributory unfair competition.

280.    The actions of each of these Fifteen Property Owner-Defendants caused injury to the legal cannabis market represented by ALCE  in the form of commercial cannabis sales diverted from the legal market to the illegal market.  Without the participation of the Fifteen Property Owner-Defendants, the illegal dispensaries would not have been able to operate and sell illegal cannabis flower and other cannabis products.

281.    Each of the Fifteen Property Owner-Defendants acted as competitors to the legal cannabis market by their actions in leasing commercial space to illegal dispensaries to compete with the legal market for cannabis sales.

282.    The lease payments received by each of the Fifteen Property Owner-Defendants was paid with revenues generated by the sale of illegal cannabis diverted from the legal cannabis market.

283.    Where lease payments to a Property Owner-Defendant included a percentage of revenues from illegal cannabis sales, this additional direct participation as a partner in the illegal sale and distribution of illegal cannabis, requires that Property Owner-Defendant also be held liable as an illegal dispensary.

284.    In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and compensation (trebled) of each of the Fifteen Property Owner-Defendants from their dealings with the Sixteen Illegal Dispensary-Defendants from the earlier of (i) three years prior to the filing of this Complaint or (ii) the date the illegal dispensary occupied the space leased from one of the Property Owner-Defendants, through the date of judgment in this case (or the date the illegal dispensary ceased all illegal cannabis sales), plus interest, for violation of the Lanham Act for contributory unfair competition.

**COUNT III – LIABILITY FOR VIOLATION OF LANHAM ACT FOR FALSE ADVERTISING AND FALSE PROMOTION**

285.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 284 above.

286.    Each of the Sixteen Illegal Dispensary-Defendants engaged in false advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act.

287.    Each of the Sixteen Illegal Dispensary-Defendants falsely describe or give false or misleading descriptions of fact or misleading representations of fact in interstate commerce as to the cannabis they sell.  Each make such misrepresentations on the internet regarding the nature, characteristics, qualities, or geographic origin of the cannabis they sell in violation of Section 43(a)(1)(B) of the Lanham Act.

288.    Each of the Sixteen Illegal Dispensary-Defendants falsely describes or gives false or misleading descriptions of fact or misleading representations of fact as to the cannabis sold by legal, licensed dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

289.    Each of the Sixteen Illegal Dispensary-Defendants used the internet to falsely advertise and promote themselves in interstate commerce as legal dispensaries in the District of Columbia that sold only legal cannabis flower and other cannabis products. These claims along with misleading packaging of  illegal cannabis was intended to confuse and deceive consumers.

290.    Each  of the Sixteen Illegal Dispensary-Defendants used the internet to falsely advertise and promote illegal cannabis and illegal dispensaries in interstate commerce.

291.    Each of the Sixteen Illegal Dispensary-Defendants advertises and promotes in interstate commerce the sale of some type of illegal cannabis, e.g., CBD, THC, hemp-derived, Delta 8, etc.

292.    Advertising claims by the Sixteen Illegal Dispensary-Defendants that any of these cannabis types are legally sold by an unlicensed retailer in DC are intended to confuse or deceive consumers.

293.    Each of the Sixteen Illegal Dispensary-Defendants sells some nationally marketed cannabis brands as a premium product concealing the fact that all such cannabis products are illegal in DC;

294.    Many of the nationally marketed cannabis brands are deceptively packaged with inaccurate potency statements, misrepresent the safety of the products, fail state the lack of third-party testing or governmental oversight or fail to give any information as to the actual cultivator or manufacturer.  The Sixteen Illegal Dispensary-Defendants withhold this information to deceive consumers about the cannabis they are selling illegally.

295.    Some of the Sixteen Illegal Dispensary-Defendants also sell cannabis deceptively packaged to look like non-cannabis, national consumer brands to confuse or deceive consumers and gain a competitive advantage over the legal market, e.g., Nerd Robes, Chips Ahoy, Milky Way, Snickers, Dean & Deluca, Doritos, etc.

296.    Many of the Sixteen Illegal Dispensary-Defendants offer to deliver illegal cannabis products in interstate commerce outside of the District of Columbia into Maryland and Virginia and present such delivery options as being safe and legal.  Legal dispensaries in the District of Columbia are prohibited from making deliveries in interstate commerce outside of the District of Columbia.

297.    Some of the Sixteen Illegal Dispensary-Defendants falsely advertise and promote the sale on their websites and in their stores of "magic" mushrooms that they also represent as being legal in DC for them to sell. Legal, licensed cannabis dispensaries in the District of Columbia are

prohibited from selling 'magic" mushrooms which are illegal for everyone to sell in the District of Columbia.

298.    Some of the Sixteen Illegal Dispensary-Defendants also sell illegal flavored tobacco products that are national brands, including nicotine vapes, that are heavily advertised in interstate commerce.  The inclusion of these brands in the product mix of an illegal dispensary help to promote the illegal dispensary/smoke shops in a manner intended to confuse or deceive consumers.

299.    Many of the Sixteen Illegal Dispensary-Defendants also sell electronic smoking devices for both cannabis and nicotine within ¼-mile of middle or high schools and seek to increase their sales by offering heavily advertised brands even though illegal in DC.

300.    Each of the Sixteen Illegal Dispensary-Defendants have (or had) an internet presence that they used in interstate commerce to confuse or deceive consumers about the illegal cannabis they advertised for sale.

301.    Each of the Sixteen Illegal Dispensary-Defendants has or had websites promoting the sale at their leased locations and online of illegal cannabis and cannabis products that they falsely represented to be legal in the District of Columbia, laboratory tested and high quality.

302.    Each of the Sixteen Illegal Dispensary-Defendants falsely advertised and falsely promoted in interstate commerce claims intended to deceive consumers as to the legal status of the different cannabis products and the legal status of the unlicensed dispensary itself.

303.    Each of the Sixteen Illegal Dispensary-Defendants concealed from consumers the fact that they were not licensed by ABCA and used the internet to advertise and promote itself as operating as a legal dispensary.

304.    None of the cannabis sold by any of the Sixteen Illegal Dispensary-can be legally sold by any retailer in DC, even licensed dispensaries are prohibited from selling such products that are not cultivated and manufactured by licensed cultivators and manufacturers in DC.

305.    False claims as to the legality and nature of the illegal cannabis flower and other cannabis products falsely advertised and falsely promoted and sold in interstate commerce by the Sixteen Illegal Dispensary-Defendants reduced commercial sales in the legal cannabis market in the District of Columbia and caused damage to the licensed cultivator, manufacturers and dispensaries represented by ALCE.

306.    In accordance with 15 U.S.C. §1117, Plaintiff  seeks damages equal to the profits of the each of the Sixteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date the illegal dispensary complete cessation of illegal cannabis sales), plus interest for violation of the Lanham Act for false advertising and false promotion.

**COUNT IV – CONTRIBUTORY LIABILITY FOR VIOLATION OF LANHAM ACT FOR FALSE ADVERTISING AND FALSE PROMOTION**

307.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 306 above.

308.    Each of the Fifteen Property Owner-Defendants is liable for violation of Section 43(a)(1)(B) of the Lanham Act for contributory false advertising and promotion.

309.    Each of the Fifteen Property Owner-Defendants leased commercial space to unlicensed cannabis dispensaries which allowed such illegal dispensaries to advertise and promote in interstate commerce their presence and the sale of illegal cannabis at that location which allowed the misrepresentation of the nature, characteristics, qualities, or geographic origin of the cannabis sold by the illegal dispensaries in violation of Section 43(a)(1)(B) of the Lanham Act.

310.    Each of the Fifteen Property Owner-Defendants also permitted their property to be used to advertise or promote in interstate commerce the sale of illegal cannabis in DC with signage of illegal cannabis sales attached to the building property and photos of the building and signage posted on the internet, along with direction to the property in violation of Section 43(a)(1)(B) of the Lanham Act.

311.    Each of the Fifteen Property Owner-Defendants had knowledge of or had reason to know that the Sixteen Illegal Dispensary-Defendants were advertising and promoting the sale of illegal cannabis flower and other cannabis products sold from their leased premises.  These defendants materially participated in the illegal dispensary-defendants' violations of Section 43(a)(1)(B).

312.    "Willful blindness" of these fifteen defendants does not excuse their liability for violation of the Lanham Act for contributory false advertising and false promotion.

313.    Each of the Fifteen Property Owner-Defendants signed (or was responsible for signing) leases with the Sixteen Illegal Dispensary-Defendants.  They entered into these leases with knowledge that the lease payments made to them would be based on the sale of illegal cannabis falsely advertised and promoted by the sixteen illegal dispensary-defendants.

314.    Each of the Fifteen Property Owner-Defendants caused injury to the legal market by intentionally leasing to illegal dispensaries that they knew or should have known were selling illegal cannabis and diverting sales from the legal cannabis market and causing damage to the licensed cultivators, manufacturers and dispensaries represented by ALCE.

315.    Each of the Fifteen Property Owner-Defendants had access to the leased premises that displayed illegal cannabis flower and other cannabis products that were being falsely advertised and promoted in interstate commerce with the support of these defendants. Without the knowing

involvement and participation of these fifteen defendants, the illegal dispensaries would not have been able to operate by falsely advertising and promoting illegal cannabis and cannabis products.

316.   None of the Fifteen Property Owner-Defendants as a condition of the lease or otherwise required the illegal dispensary to obtain a legal cannabis license or to refrain from ever selling illegal cannabis.

317.   None of the Fifteen Property Owner-Defendants ever took any action to cause the illegal dispensary to cease advertising and promoting the sale from their leased premises of illegal cannabis.

318.   In accordance with 15 U.S.C. §1117, Plaintiff seeks damages equal to the profits and any other compensation (trebled) received by the Fifteen Property Owner-Defendants from the Sixteen Illegal Dispensary-Defendants from the earlier of (1) three years prior to the filing of this Complaint or (2) the date the illegal dispensary began operations, through the date of judgment in this case (or the date of the complete cessation of all illegal cannabis sales from the leased premises), plus interest, for the violation of the Lanham Act for contributory false advertising and promotion.

## COUNT V – VIOLATION OF COMMON LAW IN THE DISTRICT OF COLUMBIA FOR UNFAIR COMPETITION

319.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 318 above.

320.   Common law of Unfair Competition in the District of Columbia recognizes a party's liability to a competitor where the offending party used methods that were independently illegal or where the offending party used false advertising or deceptive packaging.

321.   Each of the Sixteen Illegal Dispensary-Defendants engaged in unfair competition by: (i) selling of cannabis in the District of Columbia without being licensed as a cannabis retailer by

ABCA; (ii) selling illegal cannabis flower and other cannabis products not cultivated or manufactured by licensed cultivators and manufacturers in DC; (iii) falsely advertising the cannabis they sold as legal, safe, and from legal sources; and (iv) selling cannabis in deceptive packaging as a premium product that licensed dispensaries cannot sell under the laws of the District of Columbia.  Additionally, many of the Sixteen Illegal Dispensary-Defendants sold other illegal "buzz" products partially substitutable for cannabis, such as "magic" mushrooms and flavored tobacco products to confuse or deceive consumers to gain an unfair competitive advantage over licensed dispensaries.

322.    Each of the Fifteen Property Owner-Defendants materially participated in the establishment and operation of an illegal cannabis dispensary by leasing commercial space to the illegal dispensaries knowing (or have reason to know) of their intent to sell illegal cannabis flower, and other cannabis products.  Also, when a Property Owner-Defendant received a percentage of the illegal dispensaries' revenues from the sale of illegal cannabis, that Property Owner-Defendant itself functioned as an illegal dispensary and is also jointly and severally liable for the damage caused by the illegal dispensary to licensed cultivators, manufacturers and dispensaries represented by ALCE.

323.    The legal cannabis market was injured as a direct result of the unfair competition of the illegal dispensaries and the contributory unfair competition of the other fifteen defendants. The legal cannabis market was injured by the commercial sales diverted from the sale of legal cannabis in the District of Columbia.

324.    Representing the legal cannabis market in the District of Columbia, ALCE seeks damages from each of the Sixteen Illegal Dispensary-Defendants and each of the Fifteen Property Owner-Defendants equal to their individual profits and compensation (trebled) resulting from their

illegal unfair competition and false advertising practices in competing with the legal cannabis market in the District of Columbia.

## COUNT VI – LIABILITY FOR NEGLIGENCE IN OPERATING ILLEGAL CANNABIS DISPENSARIES SELLING ILLEGAL CANNABIS AND CANNABIS PRODUCTS

325.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 324 above.

326.   Each of the Sixteen Illegal Dispensary-Defendants owed a duty of care to the legal cannabis market (composed of the licensed cultivators, manufacturers, and retailers) in the District of Columbia to apply for and obtain a legal license from ABCA before selling any cannabis in the District of Columbia.

327.   Foreseeability of injury to the legal cannabis market is apparent where a party engages in the illegal sale of cannabis without obtaining a legal license and ignoring the laws in the District of Columbia regarding what cannabis is consider legal for sale in DC and what entities are legally authorized to sell such legal cannabis. If a dispensary is not licensed to sell cannabis flower and other cannabis products to consumers in the District of Columbia then it is not authorized to purchase legally cultivated cannabis flower and other legally manufactured cannabis products.  By selling illegal cannabis flower and other cannabis products it was foreseeable that the legal cannabis market would be injured by the diversion of commercial sales and profits to the illegal cannabis market.

328.   Each of the Sixteen Illegal Dispensary-Defendants breached its duty of care to the legal cannabis market in failing to become licensed and in selling illegal cannabis flower and other cannabis products to consumers in the District of Columbia.

329.   The breach of their respective individual duties of care by these defendants is the proximate cause for the legal cannabis market's injury.  These defendants knew or should have

known that their actions would cause injury to the legal cannabis market as represented by ALCE.

330.    The legal cannabis market was injured by each of the Sixteen Illegal Dispensary-Defendants Defendants' breach of their individual duty of care by the diversion of commercial sales from the legal cannabis market to the illegal cannabis market.  ACLE seeks damages for the injury caused the legal cannabis market by the negligence of the Sixteen Illegal Dispensary-Defendants for the breach of their duty to the legal cannabis market based on the commercial revenues and profits these defendants received from their commercial sale of illegal cannabis.

**COUNT VII – LIABILITY FOR NEGLIGENCE IN BREACH  OF DUTY OF DUE DILIGENCE IN ALLOWING ILLEGAL CANNABIS DISPENSARIES TO OPERATE**

331.    Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 330 above.

332.    Each of the Fifteen Property Owner-Defendants owed a duty of care to the legal cannabis market in the District of Columbia to exercise due diligence in the leasing of commercial property so as not to lease to unlicensed and illegal cannabis dispensaries.

333.    The foreseeability of injury to the legal cannabis market is apparent where commercial property is leased to unlicensed cannabis dispensaries that have no access to legal cannabis supplies.

334.    The duty of care owed by these defendants to the legal cannabis market required them to engage in due diligence to know their tenants and their proposed use of the premises.  The exercise of reasonable due diligence would have prevented leasing of the properties to any of these illegal dispensaries.

335.    Furthermore, at any time after leasing to the illegal dispensaries, the property owner defendants could have easily determined that illegal cannabis was being sold at these storefronts and taken action to close down such illegal operations but chose not to do so.

336.    The storefronts of the illegal dispensaries declare on the outside that they sell cannabis. All of the illegal dispensaries make clear that they sell a wide assortment of illegal cannabis flower and other cannabis products.  Even a casual observer would be able to identify any of these dispensaries as selling cannabis—and even a minimal amount of due diligence on behalf of the property owners would have disclosed that each of the Sixteen Illegal Dispensary-Defendants was unlicensed and operating illegally.

337.    Each of the Fifteen Property Owner-Defendants breached their duty of care to the legal cannabis market by failing to exercise due diligence and in leasing to unlicensed dispensaries, and later in continuing to lease to these unlicensed dispensaries.

338.    The breach of their respective individual duties of care by each of the Fifteen Property Owner-Defendants is the proximate cause for the legal cannabis market's injury – the loss of commercial sales to the illegal cannabis market. These defendants knew or should have known that their actions would cause commercial sales injury to the legal cannabis market.

339.    The legal cannabis market was injured by the Fifteen Property Owner-Defendants' breach of their duty of care by the diversion of commercial sales to the illegal cannabis market.  ACLE seeks damages equal to the commercial revenues and compensation received by the Fifteen Property Owner-Defendants from the Sixteen Illegal Dispensary-Defendants.

**COUNT VIII – GROSS NEGLIGENCE IN THE WILLFUL OPERATION OF ILLEGAL DISPENSARIES AND SALE OF ILLEGAL CANNABIS AND CANNABIS PRODUCTS**

340.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 339 above.

341.   Each of the Sixteen Illegal Dispensary Owner-Defendants willfully breached its individual duty of care to the legal cannabis market by failing to obtain a cannabis retailer license from ABCA and selling illegal cannabis flower and other cannabis products in the District of Columbia.

342.   Each of the Sixteen Illegal Dispensary-Defendants demonstrated a reckless disregard for the legal cannabis market in their participation in the illegal cannabis market.  Their willful intent to harm the legal cannabis market involves a heightened degree of negligence constituting gross negligence.

343.   As a consequence of the gross negligence of each of the Sixteen Illegal Dispensary-Defendants, ALCE requests punitive damages be ordered against each of these defendants.

**COUNT IX – AIDING AND ABETTING GROSS NEGLIGENCE**

344.   Plaintiff incorporates by reference and restates here the assertions and allegations in Paragraphs 1 through 343 above.

345.   Each of the Fifteen Property Owner-Defendants aided and abetted in the gross negligence of the Sixteen Illegal Dispensary-Defendants.

346.   Each of the Fifteen Property Owner-Defendants had knowledge that the Sixteen Illegal Dispensary-Defendants were not licensed cannabis dispensaries, pursued them as tenants, and knew that they intended to sell illegal cannabis flower and other cannabis products to the public. Each of the Fifteen Property Owner-Defendants were motived by their desire to obtain higher lease payments for allowing their properties to be used for illegal activities.

347.     The Fifteen Property Owner-Defendants enabled the Sixteen Illegal Dispensaries to get established and leased to them commercial space to make illegal cannabis sales in their perpetration of gross negligence in the willful breach of their individual duties to the legal cannabis market.

348.     But for the lease agreements between the property owners and the illegal dispensaries, the injury to the legal cannabis market would not have occurred; consequently there is a direct causation between the material assistance provided by the Fifteen Property Owner-Defendants and the legal market's loss of commercial sales to the illegal market.

349.     ACLE requests punitive damages against the Fifteen Property Owner-Defendants for aiding and abetting in the gross negligence of the Sixteen Illegal Dispensary-Defendants.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests a trial on the allegations and liability claims against the Defendants for all the following injuries, damages, and costs:

A.     All Defendants be required to pay their profits and compensation received from or related to the operation of illegal cannabis dispensaries and the sale of illegal cannabis and cannabis products in the District of Columbia for the past 3-year period to the date of judgment (or date the defendant ceased all illegal operations), trebled, for violations of the Lanham Act;

B.     All Defendants be required to pay their profits received from or related to their illegal activities in connection with the sale of illegal cannabis and cannabis products in the District of Columbia during the past 3-year period to the date of judgment (or date the defendant ceased all illegal actions) for violations of common law unfair competition;

C.      Each of the Sixteen Illegal Dispensary-Defendants (KRS LLC ("Doobie Georgetown Dispensary" and "Greater Georgetown Dispensary"), GT Vapes & More, LLC ("GT Vapes Georgetown Dispensary"), Emilia's Enterprise, LLC ("Taste Georgetown Dispensary" and "Taste Capitol Hill Dispensary"), Smoke Island9, Inc. ("Island Georgetown Dispensary"), Smoke Island, Inc. ("Island Tenleytown Dispensary"), Smoke Island2, Inc. ("Island Tokoma Dispensary"), Higher Standards LLC ("Treehouse Foggy Bottom Dispensary"), The Garden LLC ("Garden Truxton Circle Dispensary"), DMV Investments Group LLC ("Velvet's Foggy Bottom Dispensary"), KLM LLC ("Doobie U Street Dispensary" and "Doobie DuPont Dispensary"), Capital Cannabis DC LLC ("Capital DuPont Circle Dispensary"), George Town I Inc. t/a Havana Max ("Havana Georgetown Dispensary"), and PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary")) be required to pay damages for their negligence equal to the revenues received from the illegal sale of illegal cannabis and cannabis products;

D.      Each of the Fifteen Property Owner-Defendants (Parvis Mizrahi (1251 Wisconsin Property Owner), Preet Group Family Limited Partnership (1432 Wisconsin Property Owner), 1526 LLC (1526 U Street Property Owner), 1408-1410 Wisconsin LLC (1408-1410 Wisconsin Property Owner), LRS Holdings LLC (1361 Wisconsin Property Owner), Anne W. Shuman Trustee (317 Pennsylvania Property Owner), Margaret Grove and Charles W. Davis (1326 Wisconsin Property Owner), 3M & G LLC (4905 Wisconsin Property Owner), Champe B. Thorton V (6906 4th Property Owner), JMG LLC (1922 I Property Owner), Susan Renee Taylor, Executor of the Estate of Dolores Vernel Satterthwaite (1541 New Jersey Property Owner), Niki Properties LLC (2517 Pennsylvania Property Owner), 1636 R Street NW Holding LLC (1636 R Property Owner), F&M Enterprises LLC ("3249 M Property Owner"), and J.J.E. Investment Properties LLC ("607 Pennsylvania Property Owner")) be required to pay damages for their

negligence equal to the revenues and compensation they received from the Sixteen Illegal Dispensary-Defendants;

E.        Each of the Sixteen Illegal Dispensary-Defendants be required to pay punitive damages for their gross negligence;

F.        Each of the Fifteen Property Owner-Defendants be required to pay punitive damages for their aiding and abetting the gross negligence of the Sixteen Illegal Dispensary-Defendants;

G.        Pierce the corporate veil of Defendant George Town I Inc. t/a Havana Max ("Havana Georgetown Dispensary") and Defendant PEN 1 Inc. t/a Havana Tobacco Mart ("Havana Capitol Hill Dispensary") to hold their majority shareholder and chief executive officer, Defendant Amru B. Ousman ("Ousman"), jointly and severally liable for damages against the two illegal cannabis dispensaries and smoke shops he operates and controls.

H.        Pierce the corporate veil of Defendant Smoke Island9, Inc. ("Island Georgetown Dispensary"), Defendant Smoke Island, Inc. ("Island Tenleytown Dispensary"), and Defendant Smoke Island2, Inc. ("Island Takoma Dispensary") to hold their owner, Defendant Mohammed Aljoumari, jointly and severally liable for damages against the three illegal cannabis dispensaries he owns, operates and controls;

H.        Pre-judgment interest from the date of the damages to the date of judgement;

I.         Costs of litigation and reasonable attorney fees.


Respectfully submitted,

Alliance of Legal Cannabis Entities-DC, LLC


/s/ Jon L. Brunenkant
Jon L. Brunenkant
DC Bar No. 966630
Brunenkant & Associates PLLC

1717 Pennsylvania Avenue NW
Suite 1025
Washington, DC 20006
(202) 559-8637
jonbrunenkant@gmail.com

Attorney for Alliance of Legal Cannabis Entities-DC, LLC

October 10, 2024